The opinion of the Court was delivered by
Hoknblower, C. J.
This was an action of trespass quare clausum fregit, brought by Doughty against Champion, in a court for the trial of small causes, in the county of Atlantic. There was a trial which resulted in a verdict and judgment for the defendant; but upon an appeal to the Common Pleas of that county, the judgment below was reversed, and a judgment rendered for the plaintiff, for fifty dollars damages, with costs. It is now assigned for error, that the entry and trespass complained of, is laid to have been committed in a close in the township of Galloway, in the county of Atlantic, “ on the first day of January, A. D, 1832,” whereas, at that time, and for several years afterwards, there was no such county in this state.
At first view, this appears to be an unimportant objection 5 but *4 upon reflection, we think it is fatal. The action of trespass, for breaking a close, is a local action, and must not only be brought in the county where the land lies, but it must appear on the record that the trespass was committed in the county. This action appears upon the face of the record, to have been brought for a trespass on lands lying in a co'unty that did not exist in the state of New Jersey, at the time stated in the plaintiff’s declaration. The court must take notice judicially, of the counties in the state, and of the time of their creation : and an action brought for a trespass on lands in a county that has no existence in the state, is no better than an action for trespass on lands out of the state.
This action was not commenced until August, 1837, and the trespass is laid with a continuando from January, 1832, to the time of commencing the action. But the county of Atlantic was not created until February, 1837 ; so that the first unlawful entry and trespass, is not only charged to have been committed in a county that did not exist, but to have been repeated and continued for more than five years, in a county which had no existence. Besides the incongruity, judicially apparent upon such a record; we cannot say that the proceeding was not prejudicial to the defendant. He might have been embarrassed in his defence, and perhaps prevented from settiug up the plea of title, in the court below. The township of Galloway, at the time the trespass is charged to have been committed, was a constituent part of the county of Gloucester; but before the action brought, had been made a part of the county of Atlantic. The action therefore was rightly brought in the county of Atlantic; but the plaintiff ought to. have described the land, as at that time, lying in that county, and have averred that at the time the trespass was committed, it was a part of the county of Gloucester and had since and before action brought, been made by statute a part of the county of Atlantic. We are of opinion, an action of trespass will not lie for an injury to land, described as lying at the time of the trespass, in a county that has no existence. The judgment must therefore be reversed.

Judgment reversed.