## DEACON v. SHREVE.

1. An action for nuisance to lands, by overflowing them with back-water raised by a dam, is local, and must be tried in the county where the lands lie or the cause of action arose: and where the cause of action is local, the court cannot change the *venue*.

2. In an action between two mill owners, involving no question of public interest, or on which there is no public excitement, the court will not order a foreign jury upon affidavits expressing merely the opinion of individuals, that a fair trial cannot be had by a jury of the proper county; to make such order would require strong evidence of its necessity.

This was an action brought for injury to plaintiff's mill by back-water, caused by the defendant's mill below. Three actions, arising from the same cause of complaint, had been tried in Burlington county, and in each a verdict had been rendered for the plaintiff.

Deacon v. Shreve.

*Stratton* and *Vroom* now moved for a change of *venue*, or a foreign jury, on the ground that a fair trial could not be had in the county of Burlington, and read affidavits in support of their motion.

*Browning* and *Dayton*, contra. 1. The only question in this case is the amount of damages for the continuance of a nuisance. 2. The court have not the power, under the statute, to change the *venue;* the action is local. *R. S.* 196.

Argued before RANDOLPH and OGDEN, Justices, in the branch court.

RANDOLPH, J. This action, being for damages occasioned by injuries to real estate, is certainly local, (1 *Chit. Pl.* 271) and, by the fourth section of the article relative to the Supreme and Circuit Courts, (*R. S.* 196,) local actions are to be tried in the county where the land in controversy lies or the cause of action arose, unless the court order a trial at bar; whilst, by the fifth section, actions merely transitory shall, at the discretion of the court, be tried—1. in the county where the cause arose; or 2. where either party resides; or 3. if defendant be not an inhabitant of the state, in the county where process was served on him. We cannot, therefore, change the *venue* in this action, if sufficient cause were shown. And as to ordering a foreign jury, the facts disclosed in the affidavits are mere suspicions and opinions of individuals connected, more or less, with the former trials, that a fair trial cannot be had in the county; but in a controversy of this kind between two mill owners, respecting the mere damage done by one to the other, and involving no matter of general interest, feeling, or excitement, the evidence should be very strong, indeed, to justify the court in ordering such a suggestion to be extended, and a *venire* to be directed to a foreign county. See 1 *Sel. Pr.* 436; 3 *Burr.* 1330, *Rex* v. *Harris et al.* We think the motion, in either aspect, should be refused.

OGDEN, J., concurred.