RICHARD B. DUYCKINCK v. THE CLINTON MUTUAL INSUR-
ANCE COMPANY.

1. In declaring upon a judgment, it is necessary to set out *the place where* the
court was held in which the judgment was rendered.

2. When it is deemed necessary or expedient to state where the cause of ac-
tion actually arose, and the place thus stated is out of the county in which
the *venue* is laid, it is necessary to lay the *venue* under a *videlicet*. In all
other cases, the introduction of the *videlicet* in stating the *venue* is neither
necessary nor useful.

This cause was heard before the CHIEF JUSTICE and Justices
NEVIUS and OGDEN, at November term, 1851, upon a special
demurrer to the declaration.

*A. C. M. Pennington,* for defendants, in support of the de-
murrer; *Vroom,* contra.

The CHIEF JUSTICE. In an action of debt to recover a judg-
ment, the declaration avers that the judgment was recovered in
*the Supreme Court of New York, to wit, at Newark, in the county
of Essex.* The defendant demurs specially, and assigns for
cause that the declaration does not sufficiently allege where the
judgment was recovered.

It is an elementary rule of all pleading in personal actions,
that every material traversable fact must be stated with conve-
nient certainty of time and place. 6 *Com. Dig.* 48, 50,
"*Pleader*" c. 19, 20; *Archbold's Civ. Pl.* 116; *Gould's Pl.*
111, § 102; 1 *Chit. Pl.* (*7th ed.*) 290, 306–7.

The declaration, we are told by high authority, is but an
amplification of the original writ, with the additional circum-
stances of *time and place.* 3 *Bl. Com.* 293. The object of
stating the place in the declaration is two fold, *viz:* 1. To ob-
tain convenient certainty in pleading. 2. To ascertain the *ve-
nue,* or place where the trial shall be had. Ordinarily the
double end is attained by alleging that the cause of action arose
at some place within the county where the *venue* is laid.
If the action be local, and the place be truly stated, or if the
action be transitory, and there be no need of stating where
the cause of action actually arose, the introduction of the *vide-*

*licet* is neither necessary nor useful. But when, in a transitory action, it becomes necessary or expedient, as matter of description or otherwise, to state where the contract was made, or the cause of action actually arose, and the place thus stated· is out of the county in which the *venue* is laid, then it is necessary to lay the *venue* under a *videlicet*. The *videlicet* was in fact introduced in the declaration, in stating the place, for the purpose of avoiding a difficulty, which was otherwise supposed to exist under the ancient law, that the jury to try the cause must be summoned from the vicinage or *venue* laid in the declaration. *Stephens on Plead.* 310; 1 *Sellon's Pr.* 245; *Roberts* v. *Harnage, Salk.* 659; *S. C.* 2 *Ld. Ray.* 1043; 1 *Com. Dig.* 255, *Action N.* 7; *Kearney* v. *King,* 2 *Barn. & Ald.* 301; *Mostyn* v. *Fabrigas, Cowper* 178–9.

If the place stated in this declaration, " to wit, Newark, in the county of Essex,"· was designed as the place where the judgment was rendered, the place alleged is intrinsically impossible and inconsistent with the fact to which it relates, for no judgment of the Supreme Court of New York could be rendered there. And ·if the place be material, the plaintiff must fail upon the trial, notwithstanding the use of the *videlicet.* For a variance in the statement of a material fact is not aided by its being laid under a *videlicet.* The averment is nevertheless regarded as positive, direct, and traversable. 1 *Chit. Pl.* (7*th ed.*) 348, 644; 2 *Saund. R.* 200, *a. note* 1.

If, on the other hand, the place alleged in the declaration was designed as a mere designation of the *venue,* (as seems to have been the case, from its being laid under a *videlicet,*) then no place is stated in the declaration where the judgment was rendered. It is insisted, in support of the demurrer, that this is necessary, and that it is not consistent with good pleading, in counting on a judgment, to omit a statement of the place where the court was held. The practice is certainly so. The numerous precedents in the books invariably contain a statement of the place where the court was held before whom the judgment was recovered ; and the practice prevails, as well in declaring upon the judgments of the superior courts of Westminster hall, as upon the judgments of inferior courts of limited

jurisdiction. And when the judgment is not in the same court, or within the county where the *venue* is laid, the practice is to allege that the judgment was rendered by the court of ——, holden at Westminster, to wit, at A, in the county of B. 7 *Went. Pl.* 95, 79 *to* 119 ; 2 *Chit. Pl.* (*7th ed.*) 482 *to* 493.

In pleading a record of the superior courts at Westminster, it is not necessary to state the county in which the court is holden. It is sufficient to state it to be at Westminster. *Arch. Civ. Pl.* 117.

The precedents show clearly that the practice is not founded on the idea that an action upon a judgment is a local action. It prevails as well in declaring upon foreign, as upon domestic judgments, and upon the judgments of the superior courts at Westminster, as upon the judgments of inferior courts of limited jurisdiction. A practice or form of pleading, uniform and long established, if it be but a matter of form, involving no higher principle, should, for the sake of certainty and uniformity, be adopted, and not deviated from without good cause. 1 *Chit. Pl.* (*7th ed.*) 266.

But the practice is founded in reason and propriety, which is very apparent in its application to the supreme courts of other states. They have not uniformly one fixed and invariable place of meeting, as the courts at Westminster have. In some of the states, the Supreme Court sits in districts designated by law, with separate places of record and a prothonotary or clerk in each district. The jurisdiction of the court within those districts may, to some extent at least, be limited. This court certainly cannot judicially know that the Supreme Court of any other state has general jurisdiction throughout the state, and that its place of sitting is fixed by law and determinate. When a court sits in different places for different districts, and where the territorial jurisdiction of the court varies with the place in which its sitting is held, the propriety and necessity (in declaring upon a judgment of such court) of stating definitely the place where the court was held when the judgment was rendered is sufficiently obvious. In that mode only, would the defendant be informed by the declara-

tion of the real cause of action, and enabled to avail himself of every legitimate defence.

There must be judgment for the demurrer.

OGDEN, J.  This cause is before the court on a special demurrer to the first count in the declaration.   The action is founded upon a judgment rendered in a sister state.

In the count objected against, it is set out that the plaintiff, on the 11th day of August, 1849, in the Supreme Court of the state of New York, to wit, at Newark, in the county of Essex, in the state of New Jersey, recovered a judgment against the defendants, &c.

Two causes of demurrer are shown : *first*, that the place where the supposed judgment was recovered is not sufficiently set forth in the count ; and *second*, that, under a *videlicet*, it is alleged to have been recovered at Newark, in this state, which is incongruous, inconsistent, and impossible.

The count is undoubtedly too general in the description of the alleged judgment.   It should show the place where the court was held, and where the records of the court are kept.

If, as was contended on the one side, this court is to assume that there is only one depository for the records of the Supreme Court of the state of New York, the declaration is defective in not stating *that* place.   Or if, as was contended on the other side, we should take judicial notice of the division of *that* state into districts, and of the organization of a separate Supreme Court in each of such districts, the count is much more defective, in leaving the defendants to search for the record of the alleged judgment, without any notice of the particular district where it remains.

The present mode of procedure in the state of New York, whereby a judgment can be obtained against parties out of its jurisdiction by a newspaper publication, without service of process, destroys the presumption, that the existence of a judgment must be within the knowledge of a defendant.   A judgment may be obtained there against an inhabitant of this state, without his having any actual notice of the commencement and continuance of proceedings against him.

Receivers v. The Paterson Gas Light Company.

The insufficiency of the count demurred to is established by precedents, and also by a fundamental rule in pleading, that the declaration must allege all matters necessary for the support of the action, and should contain a statement of the cause thereof, with time, place, and other circumstances, set out with such precision and certainty that the defendant, knowing what he is called upon to answer, may be able to put in a direct and unequivocal plea.

The demurrer, in my opinion, has been well taken.

Let there be judgment for the demurrant, with costs, and leave be given to the plaintiff to amend the count.

NEVIUS, J., concurred.