Ackerson v. Erie Railway Co.

---

WILLIAM W. ACKERSON v. THE ERIE RAILWAY COMPANY.

1. An action will lie in this state for a tort to the person, committed in another state.

2. The plaintiff was injured while riding in the cars on the railroad of the defendants, situate in New York, by the carelessness of defendants. *Held*, the action was well brought in this state.

3. Such action is transitory, and the *venue* may be laid in the county in which the defendants were served with process.

The plaintiff brought suit against the defendants for an injury sustained on their railroad.

The declaration sets out in substance, that the defendants were owners and proprietors of the Erie Railway, and certain cars for the carriage and conveyance of passengers thereon from Dunkirk, in the state of New York, to Port Jervis, in the same state, for hire and reward to the said defendants in that behalf, to wit, Paterson, in the county of Passaic and state of New Jersey; that the defendants, on the 6th day of November, 1864, to wit, at Paterson aforesaid, at the special instance and request of defendants, was a passenger upon said cars, to be safely carried, &c., from Dunkirk to Port Jervis, for a certain reward; that the defendants did not use due care, but suffered one of the cars in which the plaintiff then was, to run off the track at Ballacoon, in the state of New York, to wit, at Paterson, aforesaid, whereby one of the collar bones of the plaintiff was

broken, and other personal injuries received, &c., to his great damage, &c.

To this declaration the defendants put in a general demurrer.

For the plaintiff, *A. B. Woodruff.*

For the defendants, *I. W. Scudder.*

BEASLEY, CHIEF JUSTICE. This suit is in tort for an injury happening to the plaintiff from the carelessness of the defendants, while a passenger in their railroad cars. The declaration is in the usual form, and it has been answered by a demurrer. The point of this issue upon which a decision is sought is, whether the plaintiff, as he shows in his declaration, that the injuries received by him occurred in New York on the railroad of the defendants there situate, can sue on such cause of action in this state?

As long ago as 1665, it was certified by the twelve judges, that for torts to the person and to personal property done out of the realm, a remedy lay in a suit, *in personam,* in England; but that for torts to real property situate abroad, no suit would lie. Cited in *Mostyn* v. *Fabrigas, Cowp. R.* 180. A few years later it was decided in affirmance of this doctrine in the case of *Rafael* v. *Verelst,* 2 *Wm. Black.* 1055, that an action for an alleged unlawful imprisonment of the defendant in India was well brought, the court saying, in reply to the objection of want of jurisdiction, that "personal injuries are of a transitory nature and *sequuntur Forum Rei."* From the time of these decisions to the present, it is believed that the doctrine thus enunciated has never been called in question by any English judge.

Nor does the rule of the common law differ in this respect, with that which is enforced in the law of nations. It is, in the international code, the well established doctrine, that every nation may rightfully exercise jurisdiction over all persons within its domains, with regard to matters purely

personal; and Judge Story remarks that, in England and America, "suits are maintainable and are constantly maintained between foreigners, where either of them is within the territory of the state in which the suit is brought." *Conflt. of Laws*, § 542.

The same view of the law received judicial sanction in the following cases: *Glen* v. *Hodges*, 9 *Johns*. 67; *Gardiner* v. *Thomas*, 14 *Johns*. 134; *Flower* v. *Allen*, 5 *Cow*. 654; *Smith* v. *Bull*, 17 *Wend*. 324; *Barrell* v. *Benjamin*, 15 *Mass*. 354.

And in this state, it is believed, the practice has accorded with the doctrine illustrated by the cases above cited. If the point had been considered as at all in doubt, it is highly improbable that it would have escaped the attention of the experienced counsel who acted for the defence, in the important case of *The American Print Works* v. *Lawrence*, 1 *Zab* 248.

The plaintiff is entitled to judgment on this demurrer.

HAINES, J. The plaintiff was a passenger on the train of the defendants from Dunkirk to Port Jervis, in the state of New York; and alleges that he was injured by reason of the cars running off the track, through the carelessness of the defendants and their servants. For the injuries thereby sustained he has brought his action in this state.

The defendants demur to the declaration and assign for causes of demurrer, in various forms, that the action is local and cannot be maintained in this state; but should have been brought in the state of New York, where the alleged carelessness occurred and the injury was done.

For the decision of this case, we have only to recur to the well known and well settled rules of distinction between local and transitory actions. Local actions are such as require the *venue* to be laid in the county in which the cause of action arose. These embrace all actions in which the subject or thing sought to be recovered is in its nature local; such as real actions of waste, when brought to recover the place wasted, as well as the damages; and actions of ejectment.

They are local because brought to recover the seizin or possession of lands, which are local subjects. *Comyn's Dig., Action No.* 1; *Bacon's Abr., Actions local, A. a; Bouvier's Law Dic., tit. Action.*

Some other actions which do not seek the direct recovery of lands or tenements, are also local, because they arise out of a local subject, or the violation of some local right or interest. Of this class are waste for damages only; trespass *quare clausum fregit*, trespass on the case for injuries to things real, as nuisances to houses or lands; disturbance of right of way, obstruction, or diversion of ancient watercourses.

The action of replevin is local, although it is for damages only, and does not rise out of any local subject, because of the necessity of giving a local description to the thing taken.

Transitory actions are such personal actions as seek only the recovery of money or personal chattels, whether they sound in tort or contract. They are universally founded on the supposed violation of rights, which, in contemplation of law, have no locality. 1 *Chitty's Pl.* 273; 1 *Saunders* 241, *b,* note 6.

Judge Gould, in his work on Pleadings, ch. 3, § 112, says: "It will be found, as a general proposition, that actions *ex delicto*, in which a mere personalty is recoverable, are by common law transitory."

If the action is merely transitory, the *venue* may be laid in the county where the cause of action arose, or where the plaintiff or defendant resides at the time of instituting the action; or if the defendant be not an inhabitant of this state, in the county in which the process shall have been served. *Nix. Dig.* 782, *pl.* 5.*

The action in this case is not brought to recover anything local, nor does it arise out of any local subject, or the violation of any local right or interest. It arises out of the alleged negligence of the defendants and their servants, and seeks the recovery of pecuniary damages for personal injuries sus-

*Rev., p. 883, ? 230.

tained. It may be brought in this state, and the *venue* laid in any county in which the defendants can be served with process. The practice in this state, of long continuance, is in accordance with this rule of distinction.

The demurrer must be overruled with costs, and judgment rendered for the plaintiff; unless the defendants plead issuably to the declaration within thirty days.

Judgment for demurrant.

VREDENBURGH, J., concurred.