GEORGE K. REED, BERNARD J. McGRANN AND AMBROSE
McCONOMY, PARTNERS, &c., v. SAMUEL K. WILSON.

1. The objection that a traversable fact is stated without a venue in the
   body of the declaration, goes to a matter of mere form, and is within
   the operation of section one hundred and thirty-nine of the practice
   act.

2. An averment that a note, dated August 12th, 1872, at four months,
   was presented for payment December 14th, 1872, is sufficient to show
   a presentment at the proper time, because the court will take judicial
   notice, not only of the law-merchant, but also of the almanac, from
   which it appears that the 15th of December, 1872, fell on a Sunday.

3. It must be presumed that the three days of grace allowed by the
   general law-merchant are also allowed by the law of Pennsylvania,
   where the note was payable.

Reed v. Wilson.

4. Where a note is made payable at a particular bank, that is the place where payment should be demanded.

5. If it appears that payment was demanded at the bank, and was there refused by the cashier, the legal inference is that the demand was made during business hours.

6. The rule that a note payable at a bank must be presented within business hours, is subject to the qualification that if presented after that time, while any of the officers are present to give an answer at the time of the demand, it will be sufficient.

On demurrer to declaration.

Argued at November Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the demurrer, *E. T. Green.*

*Contra, W. D. Holt.*

The opinion of the court was delivered by

WOODHULL, J.   This action is brought by the plaintiffs, as endorsees, against the defendant, as endorser of a promissory note.   The declaration contains a special count on the note, with another, comprising the ordinary money counts. To the second count the defendant pleads the general issue, and demurs generally to the first.

The venue being laid in the county of Mercer, the plaintiffs complain that on the 12th day of August, A. D. 1872, at Philadelphia, to wit, at Trenton, in the county aforesaid, the National Railway Company, by their promissory note of that date, by them subscribed, through and by W. G. Case, their president, for value received, promised to pay to the order of ·Henry Carpenter, assistant treasurer, the sum of $10,000, at the National Bank of Northern Liberties, four months after date, &c., setting out the several endorsements through which the plaintiffs obtained title to the note.   The declaration then proceeds as follows: "And the plaintiffs aver that afterwards, when the said note became payable, viz., on the fourteenth

Reed v. Wilson.

·day of December, A. D. eighteen hundred and seventy-two, at the National Bank of Northern Liberties, where· it was payable, the said note was duly presented to the cashier of said bank, and payment of the said sum of ten thousand dollars, according to the tenor of said note, was then and there demanded of said cashier, who then and there refused to pay the same, of all which the said defendant, afterwards, on the same day, had notice, by reason whereof the said defendant became liable," &c.

The first objection taken to the declaration is, that the pre-·sentment of the note for payment at the National Bank of Northern Liberties is stated without a venue. The rule at ·common law was that every material and traversable allegation, if affirmative in form, should be laid with a venue; that is, should state the place at which the alleged fact happened. Besides this venue, which, by the ancient practice, included the parish, town, or hamlet, as well as the county, there was another laid in the margin of the declaration, at its commencement, stating merely the name of the county.

The reasons upon which this practice was founded having gradually ceased to exist, through the operation of the statutes 16 and 17 *Car. II.*, c. 8, and 4 *Anne*, c. 16, § 6, the practice itself had, in the language of Mr. Stephen, "so far as regarded the laying of a venue in the body of the pleadings, become an ·unmeaning form; the venue in the margin having been long found sufficient for all practical purposes." *Steph. Pl.* 280, (*282.)

The practice, however, continued to be observed until the making of the *Rule of Hilary Term*, 4 *Wm. IV.*, which provides that "in future the name of a county·shall in all cases be stated in the margin of a declaration, and shall be taken to be the venue intended by the plaintiff, and no venue shall be stated in the body of the declaration, or in any subsequent pleading." *Id.* 285.

This rule is referred to simply to show that, in the opinion of very competent men, the practice of laying a venue to each

traversable fact in the pleadings is so entirely a matter of useless form that it ought to be abolished.

For the reasons here intimated, I think the first objection goes to a matter of form only. It is therefore no ground for a general demurrer, and is within the operation of section one hundred and thirty-nine of the practice act, which provides that no pleading shall be deemed insufficient for any defect which could heretofore be objected to only by special demurrer; and that where issue is joined on a demurrer, the court shall give judgment according as the very right of the cause and matter in law shall appear, without regarding any imperfection, omission, defect in, or lack of form.

It is next urged in support of the demurrer that it appears on the face of the declaration that the note was presented for payment too soon by one day; that is, on the second day of grace instead of on the third; that if there was any legal reason to justify the demand of payment on the 14th day of December, which was the second day of grace, the plaintiff was bound to show it by proper averment; and that having failed to do this, his declaration discloses no legal ground for charging the endorser in this action.

The answer to this objection is, that the court must take judicial notice not only of the law-merchant, which is a part of the common law, but also of the almanac, from which it appears that the 15th day of December, 1872, fell on Sunday, (*Bouv. Law Dic.* 95 ; 1 *Chit. Pl.* 217,) so that by the lawmerchant the presentment of the note for payment could not be made on that day, and if made as alleged, was properly made on the Saturday preceding. 1 *Pars. N. & B.* 401, and cases cited.

The argument that the declaration fails to show that the note was presented for payment at the proper time, because it does not state what number of days of grace, if any, are allowed by the law of Pennsylvania, where the note was payable, cannot prevail.

It rests upon the following propositions :

*First.* That the rules or usages of the mercantile law, with

respect to the allowance of days of grace, are subject to be changed or abrogated by statute.

*Second.* That the number to be allowed, and the regulations concerning them, depend upon the law of the place where the note is payable.

*Third.* That it must appear by the declaration in this case that the note was properly presented for payment according to the law of Pennsylvania; and,

*Fourth.* That this cannot appear otherwise than by express averments to that effect.

While the first three propositions involve only familiar doctrines, and are beyond dispute, the fourth cannot be maintained.

Professor Parsons, after stating that "most, if not all, commercial countries now require, as a matter of strict right, the days of grace, which are added to the time that a note or bill has to run," says further, that "the number of days throughout the United States and England is three, and the presumption in all cases would be that that is the number to be allowed." In the same connection he adds, "the number to be allowed in any case, and the regulations concerning them, will be governed by the law of the place where the note or bill is payable; though, as has been seen, the presumption is that three days are allowed, and the burden of proof to show that, by the usage or law of the place of payment, no grace at all, or any number of days other than three, is allowed, is upon the party seeking to avail himself of it." 1 *Pars. N. & B.* 396, 398, 399, and cases.

In *Wood* v. *Corl*, 4 *Metc.* 203, one ground of defence being that it did not appear that by the law of Ohio three days of grace were allowed, and therefore it was not shown that a demand on the third day was right, Chief Justice Shaw, speaking for the court, said: "We consider it well settled that by the general law-merchant, which is part of the common law as prevailing throughout the United States, in the absence of all proof of particular contract or special custom, three days of grace are allowed on bills of exchange and

promissory notes; and when it is relied upon that by special custom no grace is allowed, or any other term of grace than three days, it is an exception to the general rule, and the proof lies on the party taking it."

It follows from these authorities that, as the case now stands, the necessary legal inference from the facts stated in the declaration is, that the three days of grace allowed by the general law-merchant are also allowed by the law of Pennsylvania.

It was further objected, on the part of the demurrant, that the declaration is defective in not showing a demand upon the maker at his usual place of business and during business hours.

The answer is, that the note having been made, in terms, payable at a particular bank, that bank became, by the express appointment of the maker, the place where payment should be demanded, and the agent or instrument through which payment should be made.

The declaration shows that the note was presented for payment at the bank where it was payable, and to the cashier of the bank, who then and there refused to pay it.

It appears, therefore, by averment, that demand was made at the proper place, and by legal inference that it was made during business hours.

A demand at that place was not only proper, but in order to charge the endorser, was necessary. 1 *Pars. N. & B.* 426, 431, and cases; *Byles on Bills* 208.

In the language of Professor Parsons: "Whatever difference there may be in the cases as to the *necessity* of a demand at the place specified, it is perfectly clear that, so far as place is concerned, a presentment there by the holder is always sufficient; and this is true whether the liability of the endorser, maker, drawer or acceptor is concerned." 1 *Pars. N. & B.* 434, 435, and cases.

If the facts stated in the declaration should be thought insufficient to warrant the inference that the note was in fact presented during business hours, it could make no difference in this case. For the rule that " when a note or bill is payable at a bank or at a banker's, it must be presented within

business hours," is subject to this qualification: "that if presented after that time, while any of the officers are present to give an answer at the time of the demand, it will be sufficient." 1 *Pars. N. & B.* 418, 419, and cases.

The demurrer must be overruled.