WILLIAM J. HART v. THE BOARD OF CHOSEN FREEHOLD-
ERS OF THE COUNTY OF UNION AND THOMAS A.
NEVINS.

1. A count in a declaration charging that a municipal corporation, by its wrongful act, created a common nuisance from which plaintiff suffered special damage, discloses a good cause of action, notwithstanding the corporation is liable to indictment for the same act.
2. The exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrongdoing chargeable to the corporation.

---

On demurrer to declaration.

Argued at June Term, 1894, before BEASLEY, CHIEF
JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff, *William R. Wilson.*

For the defendant Nevins, *Chandler Riker.*

For the defendant the board of chosen freeholders of the county of Union, *Clarence D. Ward.*

The opinion of the court was delivered by

MAGIE, J. The declaration in this case contains two counts, and each of the defendants has separately demurred.

The question presented by the demurrer of the board of chosen freeholders of the county of Union will be first considered.

The first count charges that, on September 26th, 1890, a public highway in Union county was under the control of said board, having been acquired by it under the "Act to enable boards of chosen freeholders to acquire, improve and maintain public roads" (*Pamph. L.* 1889, *p.* 58), and that thereby it became the duty of said board to maintain said highway in good and safe condition for public use. It then avers that plaintiff on that day, while passing along the highway, which was out of repair and in an unsafe condition for public use, fell into a deep excavation made therein by defendants and left unguarded, and so was seriously injured.

Without criticising the peculiar form of these averments, it is obvious that the pleader has designed to charge liability on the defendant the board of chosen freeholders, on the ground that it failed to perform a duty imposed by law in respect of the highway in question.

It is equally obvious that the result of the neglect of duty charged was the creation of a common and public nuisance for which an indictment would lie. Plaintiff, however, suffered special damage from the nuisance so created.

The general rule is that one who suffers special damage from a common nuisance may have his action therefor against the creator of the nuisance, although the latter may be also liable to indictment. *Co. Litt.* 56 *a.*

But an exception to this general rule has long been established in this state. It has been uniformly held by our courts that, in the absence of statutory provisions, a municipal corporation charged with the performance of a public duty is not liable to an individual for neglect to perform or negligence in the performance of such duty, whereby a public wrong has been done for which an indictment will lie, although such individual has suffered special damage thereby. The cases are all collected by Mr. Justice Garrison, in his opinion in *Waters* v. *Newark,* 28 *Atl. Rep.* 717, and the test of a right of action is declared to be the liability or non-liability to an indictment for a public wrong, for, if the wrong-doing of the municipal corporation only creates a private nuisance for which no indictment will lie, one suffering special damage may have an action therefor. *Jersey City* v. *Kiernan,* 21 *Vroom* 246.

The exemption of municipal corporations from liability to such actions has been put by our courts on the ground of ancient precedent and public policy. *Livermore* v. *Freeholders,* 5 *Dutcher* 245; *S. C.,* 2 *Vroom* 507. That public interest is deemed to be conserved by this exemption from liability seems apparent from the fact that the legislature may at any time impose such liability on municipal corporations, and has failed to do so except in a few instances. The legislation giving to boards of chosen freeholders the right to acquire and maintain public highways out of which the public duty charged in this count must arise, if at all, does not impose on such boards any liability to such actions.

The result is that this count does not disclose any right of action against this demurrant.

But the second count differs. Stripped of unnecessary and irrelevant statements the following charge can be discovered therein, viz., that said board wrongfully and illegally made a deep excavation in a public highway under the control of said board, into which the plaintiff, while lawfully passing along the highway, fell and was injured.

This discloses a special injury inflicted on plaintiff by a

common and public nuisance created, not by this defendant's neglect of or negligence in performing a public duty, but by its active wrongdoing.

In support of the demurrer, it is contended that this municipal corporation is liable to indictment for a nuisance so created, and, as that test establishes exemption from such an action when the nuisance is created by neglect or negligence, a like exemption must be accorded in this case.

But this contention cannot prevail. We have not been pointed to any precedent extending exemption from liability to cases of active wrongdoing, nor are such precedents to be discovered. There is no reason arising out of public policy why municipal corporations should be shielded from liability when a private injury is inflicted by their wrongful acts, as distinguished from mere negligence. The grounds on which the exemption has been rested in the one class of cases are inapplicable to the other class.

It results that this count discloses a cause of action against this demurrant, if it properly charges it with active wrong, whereby plaintiff was injured.

There is no contention in the briefs that this count is deficient in this respect, and, upon consideration, there seems no ground for such contention.

The charge in the count is that the highway in which the excavation was made was one under the control of this demurrant. The "Act to enable boards of chosen freeholders to acquire, improve and maintain public roads" and its supplements authorize such boards to acquire full and exclusive control of any public road in their respective counties. The averment must be taken to mean that this demurrant had acquired the control of the highway in question under that legislation. As the wrongful act charged was done in a highway thus disclosed to be within the scope of the powers conferred on this municipal corporation, its liability is thereby evinced, and we need not consider the question, which has occasioned some conflict of judicial opinion, whether acts manifestly outside of the powers conferred on a municipal

:94 NEW JERSEY SUPREME COURT.

N. Y., Susq. and West. R. R. Co. v. Marion.    57 *N. J. L.*

·corporation will give to the person injured an action against the corporation or only against its officers and agents who ·did the acts. 2 *Dill. Mun. Corp.*, § 969.

As this count is not objectionable, plaintiff is entitled to judgment on the demurrer.

The demurrer of the defendant Nevins must be allowed.

The first count is based on a neglect of a public duty ·devolved on the board of chosen freeholders, and to the performance of which Nevins is not bound. It therefore shows no liability on his part.

The second count, as it appears in the typewritten copy furnished the court, charges both defendants with making the unlawful excavation complained of. The brief of counsel for Nevins claimed that the declaration on file differed from the copy. The original has, therefore, been inspected, and it is found that the count, after an averment that the highway in question was under the control of the board of chosen freeholders of the county of Union, proceeds, thus : "Yet the said *defendant*, well knowing, &c.,  *  *  *  wrongfully  *  *  *  made  *  *  *  the excavation." It is obvious that the effective charge of this count is limited and does not ·extend to the other defendant, Nevins. It therefore discloses no ground of action against him.