CHARLES C. HILL v. ALFRED B. NELSON AND THE RIVER
AND HARBOR IMPROVEMENT COMPANY.

Argued November 10, 1903—Decided February 23, 1904.

1. Under the rules of the common law, this court has no jurisdiction over an action for damages caused by a trespass upon land outside of New Jersey.
2. A plea presenting facts showing such lack of jurisdiction need not designate another court which would have jurisdiction.

On demurrer to plea.

*41 Vroom.*                         Hill v. Nelson.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Edwin Robert Walker.*

For the defendants, *Linton Satterthwait* and *Charles V. D. Joline.*

The opinion of the court was delivered by

DIXON, J.   The first count of the declaration alleges that the plaintiff was possessed of a certain several fishery under the statutes of Pennsylvania, situate in the Delaware river opposite to the easterly bank of his farm, in Bucks county, and that the defendants, with force and arms, broke and entered that fishery and deposited large quantities of earth upon the land under the water of the river within the bounds of his fishery, and thereby the fishery was obstructed and the plaintiff was deprived of its use.   The second count is in substance the same, except that it alleges possession by the plaintiff of a "certain pool and fishery."   For the wrong thus perpetrated the plaintiff claims damages.

To this declaration the defendants plead that the supposed causes of action accrued to the plaintiff out of the jurisdiction of this court, in the county of Bucks, in the State of Pennsylvania, and therefore they pray judgment whether the court can or will take further cognizance of the action. Whereupon the plaintiff demurs.

In the brief submitted on behalf of the plaintiff it is stated that the only question is, "Is the action local or transitory?" in effect conceding that if it be local the plea is valid.

The decision of this question does not seem doubtful.   A several fishery is necessarily attached to land and belongs to the owner of the land or his grantees.   2 *Bl. Com.* 39.   It is as immovable as the land itself.   The same thing is true of "a pool and fishery."   Since, therefore, the property injured by the act of the defendants had a certain and fixed location, so the wrong done was necessarily local.   The act charged,

the depositing of earth on the land under the water in which the plaintiff had his right of fishery, is not legally distinguishable, as to locality, from any other trespass upon the land.    According to all the authorities, actions for such injuries are local.

But, the more important question, discussed in the oral argument and really involved in the demurrer, is whether, the cause of action being local and having arisen outside of New Jersey, this court has jurisdiction of a suit which seeks only damages for the tort.

In reaching our conclusion on this question, we have not been unmindful of the fact that an action might be brought over which we would undoubtedly have jurisdiction and which yet might require a decision of every point possible to be raised in this suit.    For example, an action upon a contract whereby the defendants had agreed to indemnify the plaintiff for this injury in case he proved himself entitled to the fishery.    Nor do we overlook the possibility that, if we have no jurisdiction, the plaintiff may be remediless, since elsewhere no court may be able to reach the defendants or their property.    Nevertheless, we are obliged to decide the matter according to the prescriptions of the common law, which in this respect have not been changed by constitutional or legislative provisions.

On examining the subject we find an inveterate and imperative rule of the common law that if a local cause of action arises outside of the realm, the law courts have no jurisdiction over it.

Originally the pleader was required to state truly the place where each fact asserted by him occurred, and if issue was joined thereon the fact was tried by a jury summoned from that neighborhood or venue.    Afterwards, when juries were no longer expected to decide issues of fact upon their own knowledge, a fictitious venue was in some actions permitted, and the pleader assigned to his facts, under a *videlicet,* the place in which he desired the trial to be held.    These actions were then styled transitory.    But this fiction was not allowed

when the cause of action was so related to a certain piece of land that it must have arisen on or near that land. Actions for such causes were still local and triable only in the vicinity where the land lay. One effect of this rule was that if the land was outside of the limits of England the law courts of that country had no jurisdiction. The truth of this statement is made evident by the cases.

As early as 1667 the question came before the House of Lords in the remarkable controversy between Skinner and the East India Company (6 *St. Tr.* 710), when Skinner complained to the House that the company, among other wrongs, had unlawfully seized his warehouses in the East Indies and that he could not obtain redress in the ordinary tribunals. The opinions of the judges at Westminster being called for, they all replied that for the seizure of his realty he was not relievable in any ordinary court of law in England. On that opinion the House attempted to establish an original civil jurisdiction in itself and adjudged £5,000 to Skinner as damages, but such vigorous protest and opposition were made by the House of Commons against this usurpation that finally, on the intervention of the king, the Lords abandoned their position and the records of the proceedings in both Houses were expunged.

In 1725 the question again arose at *nisi prius* before Chief Justice Eyre, in *Shelling* v. *Farmer*, 1 *Str.* 646, and he likewise ruled that the King's Bench could not try an action of trespass for the seizure of a house in the East Indies, referring to a former decision to the same effect in a local action for a cause arising in Barbadoes.

Fifty years afterwards, Lord Mansfield, in *Moslyn* v. *Fabrigas, Cowp.* 161, mentioned two *nisi prius* trials before himself, in which the plaintiffs had recovered damages for injuries to realty beyond the sea within the dominions of the king, but he seems to have followed an erroneous report of the ruling of Chief Justice Eyre, in Shelling *v.* Farmer. When, a few years later, the question came before the King's Bench, in *Doulson* v. *Matthews*, 4 *T. R.* 503, the *nisi prius*

cases before Lord Mansfield were overruled, Lord Kenyon saying that the contrary had been held in the Common Pleas, and the decision being that an action for damages resulting from a trespass to land in Canada could not be tried in England, and that the plaintiff in such an action was rightly nonsuited.

In 1875 the point was again decided, in *Whitaker* v. *Forbes, L. R.,* 10 *C. P.* 583; 1 *C. B. Div.* 51, where it was held that an action of debt for an annuity charged upon land in Australia, and for which the defendant was responsible only because of his estate in the land, was local and could not be maintained in England.

Very recently the question was again before the English courts, in *Companhia de Mocambique* v. *British South Africa Co.,* 2 *Q. B.* 358 (1892) ; *App. Cas.* 602 (1893), and it was decided by the House of Lords that, even since the judicature acts which abolished the distinction between transitory and local suits with regard to venue, the courts of England had no jurisdiction to entertain an action for damages caused by a trespass on lands abroad.

The same view has been upheld in this country. *Livingston* v. *Jefferson,* 1 *Brock.* 203 (before Chief Justice Marshall) ; *Watts* v. *Kinney,* 6 *Hill* 82; *Cragin* v. *Lovell,* 88 *N. Y.* 258; *Clark* v. *Scudder,* 6 *Gray* 122, and many cases cited in 1 *Sm. Lead. Cas.* 961 and 22 *Encycl. Pl. & Pr.* 776.

Although in New Jersey the question seems never to have been decided, the distinction between transitory and local actions has always been observed, and in *Ackerson* v. *Erie Railroad Co.,* 2 *Vroom* 309, this court based its reasoning upon that distinction to sustain jurisdiction over a transitory cause of action arising out of the state, apparently assuming that if the cause had been local the suit could not have been maintained.

Our conclusion is that we have no jurisdiction to try the merits of this controversy.

The plaintiff urges that the plea is informal because it does not show what court has jurisdiction. But this is not

necessary when the plea presents facts showing that the subject matter is beyond the general jurisdiction of the courts of the state; it was required only when the denial of jurisdiction resulted from some special and exclusive jurisdiction residing elsewhere within the realm. See *Companhia de Mocambique* v. *South Africa Co.*, 2 Q. B. 358, 369 (1892). In circumstances like those present the question might be raised by demurrer to the declaration if the necessary facts were averred, or by plea in bar or by motion to nonsuit, as may be perceived on reference to the cases already cited.

The defendants are entitled to judgment.