JACOB KARR v. NEW YORK JEWELL FILTRATION COMPANY.

Submitted March 19, 1909—Decided June 7, 1909.

1. A declaration which alleges that plaintiff and defendant were respectively seized of adjoining lots of land in the District of Columbia and that defendant, by excavation on his land, deprived plaintiff's land of its natural support; and by the fact that such excavation was negligently done, caused the buildings on plaintiff's land to settle and their walls to crack, &c., sets up causes of action which are local and hence not triable at common law in the courts of this state.
2. The cases of *Hill* v. *Nelson*, 41 *Vroom.* 376, and *Doherty* v. *Catskill Cement Co.*, 43 *Id.* 315, followed.

---

On demurrer to pleas.

The declaration contains three counts. The first count alleges that at the time of the injury complained of the plaintiff was seized of certain described property in the city of Washington, District of Columbia, on which stood certain buildings, and that the defendant with force and arms broke and entered the close of the plaintiff, and did excavate thereon in such a manner as to weaken and injure the walls of the buildings, and to cause the same to settle, &c.

The second count is not in trespass, but in case, and alleges that on the date in question the plaintiff was seized of the same tract of land, and that the defendant was engaged in the construction of a tunnel adjacent to the plaintiff's property, and it became and was the duty of the defendant to use due care, and to so excavate and construct said tunnel as not to interfere with or damage the property of the plaintiff, but that the defendant failed to exercise this care, and by reason of such failure the buildings on plaintiff's lands were made to settle and the walls and floors were cracked, &c.

The third count alleges as before that the plaintiff was seized of the lands in question; that the defendant was engaged in the construction of a tunnel, and that it was the duty of the defendant to excavate so as not to interfere with or damage the plaintiff's property, and that the defendant failed to support the ground around its excavation and to support the property of the plaintiff, but excavated and tunneled in such a way as to deprive plaintiff's land of its support, causing his buildings to settle and walls to crack.

To each of these counts the defendant interposes a plea to the jurisdiction on the ground that the cause of action set out in the respective counts accrued out of the jurisdiction of this court, namely, in the District of Columbia.

To each of these pleas the plaintiff demurs upon the ground that the declaration shows that the cause of action is of such a nature that it can properly be sued for and action maintained thereon within this state and within the jurisdiction of this court.

For the plaintiff, *Chauncey G. Parker.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff concedes that the first count, which sets up a pure case of trespass *quare clausum fregit,* cannot stand.   He maintains, however, that the causes of action set up in the second and third counts of trespass on the case should have the cognizance of this court, and it is intimated in the briefs that unless this court does take cognizance of these causes of action, the plaintiff will be without remedy, on the ground that jurisdiction cannot be obtained over the defendant by service of process within the District of Columbia.

We are unable to distinguish this case in principle from *Hill* v. *Nelson,* 41 *Vroom* 376, approved by the Court of Errors and Appeals in *Doherty* v. *Catskill Cement Co.,* 43 *Id.* 315.   The latter case is more nearly in point, as the declaration set up negligence and nuisance rather than trespass. Doherty had an ice pond and the defendant carried on, upon a neighboring property, the business of making cement, and permitted cement dust and fumes and smoke to escape, which plaintiff says injured and destroyed · his ice and interfered with the use of the plaintiff's property for the purposes of an ice pond.   30 *N. J. L. J.* 114.

As to the claim that the plaintiff will be without redress unless the court takes cognizance of his suit in this state, we can only say that the same question was considered and disposed of by Justice Dixon in *Hill* v. *Nelson,* at *p.* 378 of the reported case.

There will be judgment for the defendant on the demurrer.