**MINICHIELLO REALTY ASSOCIATES, INC., Plaintiff,**

v.

**Virginia BRITT et al.,[1] Defendants.**

**Civ. No. 78–1128.**

United States District Court,
D. New Jersey.

Sept. 27, 1978.

1. Although the complaint is captioned to name "Virginia Britt, et al." as defendants, the body identifies only Britt, and that is the only defendant served with process.

Israel E. Mischel, Jersey City, N. J., for plaintiff.

Scarpone & Edelson by Michael Edelson, Newark, N. J., for defendants.

## OPINION

BIUNNO, District Judge.

It is a rule of ancient origin that an action which is local in nature, rather than transitory, can only be asserted in a court whose territorial jurisdiction includes the location of the subject of the action. When a local action is sued on in a federal district court, with jurisdiction grounded only on the diversity of citizenship of the parties, 28 U.S.C. § 1332, then the law of the State lying within the district must be examined to decide whether the suit is a local action or not. This is so because if an action is a local one under State law, such that its court of general jurisdiction cannot entertain it, then the suit cannot be filed in the U. S. District Court which includes that State when its sole jurisdiction is diversity of citizenship. If the general court of the State cannot effectively accept and decide the suit, the federal court cannot either.

The distinction between local and transitory actions is largely overlooked or forgotten, but since a court cannot deal with a local action whose site is beyond its boundaries, the question is jurisdictional and may be dealt with sua sponte by the court, under F.R.Civ.P. 12(h)(3). The point is worth reviewing.

As is well known, when the jury system began in England, the jurors were witnesses having knowledge of the facts to be decided, and the parties were disqualified from testifying at all. The jurors were from the "neighborhood" or vicinities, and if various events took place in several neighborhoods, separate juries would be gathered for each fact issue. Thus, from a pleading standpoint, it was required that the location where each factual event occurred be stated. See, *Hill v. Nelson,* 70 N.J.L. 376, 57 A. 411 (Sup.1904); *Defiance Fruit Co. v. Fox,* 76 N.J.L. 482, 70 A. 460 (E. & A. 1908); *Mehrhof, etc., v. D. L. & W.,* 51 N.J.L. 56, 16 A. 12 (Sup.1888).

Gradually and eventually the jury system evolved into one in which the jurors were impartial judges of the facts instead of witnesses with personal knowledge of the facts. By modern views, a juror may not testify as a witness. See N.J.Ev.Rule 43; Fed.Ev.Rule 606. With this change, the need to try the fact issue where the witnesses were gradually disappeared, and the concept of the transitory action—one which could be tried by any court having jurisdiction over the person of the defendant—grew.

Even so, pleading rules changed slowly, and the practice developed of alleging fictitiously that the events had occurred within the court's jurisdiction even though they had not. And, if the location of the occurrence were important, the pleader would allege both the actual location and a fictitious location. See, e. g., *Duyckinck v. Clinton Mutual Ins. Co.,* 23 N.J.L. 279 (Sup. 1852); *Reed v. Wilson,* 41 N.J.L. 29 (S.Ct. 1879); *Hill v. Nelson, supra* ; and also the declaration (complaint) in *Hart v. Board, etc.,* 57 N.J.L. 90, 29 A. 490 (Sup.1894).

However, in what have to this day remained "local" actions, fictitious pleading was not permitted, and the action could only be brought within the territorial jurisdiction of a court which embraced the location involved. See, *Ackerson v. Erie RR Co.,* 31 N.J.L. 309 (Sup.1894).

The major category of "local" actions embraces those involving real estate, *Davis v. Headley,* 22 N.J.Eq. 115 (Ch.1871); *Lindley v. O'Reilly,* 50 N.J.L. 636, 15 A. 379 (E. & A. 1888).

■ This class includes not only actions involving title to real estate, such as trespass on a feigned issue to try title, or ejectment, or trespass *quare clausum fregit,* but all actions arising out of a local subject, or a local right or interest, even though the remedy sought is merely money damages. *Ackerson, supra,* at p. 312.

■ The traditional test, even though not entirely perfect, is whether the specific cause of action could have arisen elsewhere than where it did. If it could not, the action is local; if it could, it is transitory. *Champion v. Doughty,* 18 N.J.L. 3 (Sup. 1840); *Deacon v. Shreve,* 23 N.J.L. 204 (Sup.1851); *Ackerson, supra, Defiance Fruit, supra,* and *Mehrhof, supra.*

Examples of local actions are found in *Doherty v. Catskill Cement Co.,* 72 N.J.L. 315, 65 A. 508 (E. & A. 1905) (negligent damage to ice pond by negligent escape of cement dust); *Mehrhof, supra* (obstruction of a navigable stream shutting off access to markets); *Karr v. N.Y. Jewell, etc.,* 78 N.J.L. 198, 73 A. 132 (Sup.1909) (damage to

realty from adjacent excavations); *Dougherty v. Stepp,* 18 N.C. 371 (Sup.1835) (unlawfully entering unenclosed land to make a survey); *Dolph v. Ferris,* 7 *Watts & Sergeant,* (Pa.) 367 (Sup.1844) (damages for loss of plaintiff's horse, gored by defendant's bull); *Hannabalson v. Sessions,* 116 Iowa 457, 90 N.W. 93 (Sup.1902) (reaching an arm across a boundary fence); *Guille v. Swan,* 19 Johnson (N.Y.) 381 (Sup.1822) (balloonist who landed in plaintiff's vegetable garden held liable in trespass for damage to vegetables by a crowd pursuing the balloon).

■ The concept that "local actions" must be brought within the territorial boundaries of a court which includes the subject is well recognized in federal, as well as State courts. See 15 Wright, Miller & Cooper, "Federal Practice and Procedure", § 3382. The rule is very old and well settled. As was said in *Casey v. Adams,* 102 U.S. 66, 26 L.Ed. 52 (1880):

"The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so decided."

■ When the locale is within the territory covered by a court, and suit is filed in the wrong division or county, then since the *court* has jurisdiction, the issue becomes one of venue, and under appropriate statutes or rules the place of trial may be changed within the boundaries of the court. See, e. g., N.J. Court Rule R. 4:3–2, which governs when the Superior Court as such, a court of general jurisdiction, embraces the locality involved.

In the federal structure, see 28 U.S.C. § 1391(e)(3) (actions in which any real property is involved); 28 U.S.C. § 1392(a) (civil actions "not of a local nature"); 28 U.S.C. § 1392(b) (civil actions "of a local nature"); 28 U.S.C. § 1393(c) (civil actions "not of a local nature"); and 28 U.S.C. § 1655 (actions involving liens or encumbrances on, or claims to, or clouds on real or personal

property, and providing for substituted service).

 When the action is "local", and the place involved is beyond the boundaries of the court, the matter is jurisdictional. *Ellenwood v. Marietta Chair Co.,* 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895); *Iselin v. Meng,* 269 F.2d 345 (CA.5, 1959), cert. den. 361 U.S. 913, 80 S.Ct. 257, 4 L.Ed.2d 183. And see Note, in 70 Harv.L.Rev. 708, at 712–713 (1957).

 In the case before the court, plaintiff claims to own income-producing real estate in Florida, and seeks an accounting of rents, issues and profits from defendant. Defendant's moving papers submit two judgments of the Florida courts establishing title in defendant rather than plaintiff, and cancelling a mortgage given by plaintiff to another. Thus, the action is clearly a "local action" to be brought in federal or state court in that State. This court has no jurisdiction.

The other issue, raised by defendant's motion, is that there is no jurisdiction here over the person of the defendant, due to lack of "minimum contacts" sufficient to satisfy the constitutional limitations on New Jersey's "long-arm" rule for the service of process, N.J. Court Rule 4:4–4, whose provisions are drawn in by F.R.Civ.P. 4(d)(7) and (e).

At the call of the motion on September 25, plaintiff's attorney did not answer the call. Instead, the president of plaintiff corporation attempted to ask for an adjournment on the ground that the attorney was in another court. This cannot be permitted since a corporation can only appear by an attorney at law; and not pro se or by one of its officers.

It appearing that plaintiff had filed papers in response to the motion at about 4 PM on Friday, September 22, the court ordered the motion decided without oral argument under Rule 78.

Under the local rules of this district, responding papers are to be served and filed at least 10 days before the return day. Failing this, late papers and argument in opposition need not be considered. On balance, the court will consider the papers but without oral argument on either side.

 The objection to *in personam* jurisdiction is well grounded. Plaintiff claims that defendant made one trip to New Jersey in 1965. Defendant asserts she has never been in New Jersey. Without trying to resolve this dispute, it is clear that a single visit some 13 years ago is not enough for minimum contact.[2]

2. While the complaint alleges one visit by Britt to New Jersey (par. 15), this is denied by Britt's affidavit (par. 5 and 10). The responding papers, captioned "Motion to Strike", and not filed until 4:55 PM on September 22nd, include affidavits and exhibits purporting to show visits to or other contacts with New Jersey. On review, these are judged inadequate. The affidavit of Floyd Briggs, at most, establishes Britt's presence in New York and travel between Florida and South Carolina. The affidavit of Mabel Livingston, homemaker for one Arthur J. Morris of Ossining, N. Y., at best, establishes Britt's presence in New York. The exhibits to Minichiello's affidavit are less than a scintilla. The Robert Treat Hotel bill of 1961 is made out to Mr. & Mrs. Minichiello, and someone unknown has handwritten Britt's name on it. The Military Park Hotel bill of October 3 to 7 of an unspecified year is also made out to "Minichiello", and someone has written Britt's name on it. The Chase Manhattan deposit slips reflect, if anything, a New York transaction. The receipt of January 15, 1965 (which Britt denies signing) evidences no connection with New Jersey. The copies of toll telephone calls reflecting charges for calls to a Florida phone do not reflect whose phone the tolls are charged to, much less who originated the calls. The Arthur J. Morris letter of January 6, 1968 reflects, at best, the use of Mr. Morris' apartment on Park Avenue, in New York, and the rest is hearsay. The various letters, supposedly from Britt to Minichiello, and from Minichiello to Britt, as well as the accompanying checks, reflect activity in Florida but not presence in New Jersey.