**GENERAL ELECTRIC CAPITAL CORPORATION**

v.

**EAST COAST YACHT SALES INC., et al.**

**Civ. A. No. 91–0664.**

United States District Court, E.D. Pennsylvania.

March 1, 1991.

---

MEMORANDUM

ROBERT F. KELLY, District Judge.

The Plaintiff in this diversity action, General Electric Capital Corporation, extended financing to the Defendant, East Coast Yacht Sales, Inc. ("East Coast"). The extension of funds was personally guarantied by ten individuals, all Defendants, and was secured by certain collateral, five yachts, all of which are located in New Jersey. Upon East Coast's default of its obligation, Plaintiff filed a complaint in this court seeking recovery of all amounts due from the Defendants, and an injunction prohibiting Defendants from selling, moving or otherwise impairing the value of the collateral.

In conjunction with this complaint, Plaintiff filed a Motion for Writ of Seizure pursuant to 42 Pa.C.S.A. Rule 1075, seeking possession of the collateral in replevin. At a hearing on the motion, counsel for several of the Defendants argued that, since a writ of seizure is a "local action", this court lacks the subject matter jurisdiction necessary to order the seizure of property which is located in New Jersey. In reply, Plaintiff's counsel argued that, because Pennsylvania's venue statute for replevin actions permits suit "in a county in which a civil action may be brought or in the county in which the property to be replevied is found", this court has jurisdiction to order the seizure of the boats. 42 Pa.C.S.A. Rule 1072. Plaintiff's counsel claims that Pennsylvania's replevin practice and procedure permits the entry of a Pennsylvania judgment, which judgment can then be transferred to New Jersey for enforcement. Upon consideration of the parties' argu-

ments, Plaintiff's motion is dismissed for lack of subject matter jurisdiction.

## DISCUSSION

The "local action" doctrine is well settled, and provides that local actions can only be brought where the property involved is located. A "transitory action", on the other hand, may be brought wherever there exists in personam jurisdiction over the defendant. *See* 15 Wright, Miller, & Cooper, Federal Practice and Procedure 2d, § 3382. "The true distinction between a local action and a transitory action is the distinction between an action *in rem* and one *in personam*. The character of the remedy sought should be determinative." *See Uniroyal Goodrich Tire Co. v. Munnis,* 1989 WL 89235, 1989 U.S.Dist.Lexis 9170 and citations therein.

Further, it is clear that the local action rule speaks to both venue and subject matter jurisdiction, as opposed to only venue. When the action is "local", and the location of the property is beyond the territorial boundaries of the court, then the issue is one of jurisdiction. The issue is one of venue when the location of the property is within the jurisdictional territory of the court, but suit is filed in the wrong county, i.e. in a county where the property is not located. *See Minichiello Realty Associates, Inc. v. Britt,* 460 F.Supp. 896, 898–899 (D.N.J.1978), *aff'd* 605 F.2d 1196 (3rd Cir. 1979); *See* also *In Re School Asbestos Litigation,* 921 F.2d 1310, 1318–1319 (3rd Cir. 1990) (since the local action rule is not applicable, court has subject matter jurisdiction). Based on these principles, if Pennsylvania's writ of seizure in replevin is a local action, then this court is without subject matter jurisdiction to entertain Plaintiff's motion since the property in question, i.e. the collateral, is located in New Jersey, which is beyond the territorial jurisdiction of this court.

A federal court sitting in diversity is to apply state law in deciding which actions are local, or in rem, in nature. *Minichiello Realty Associates,* supra, at 897. The present case involves Pennsylvania's writ of seizure in replevin, a remedy whereby a court controls the possession of property by ordering the sheriff to seize it. This remedy is an action in rem under Pennsylvania law.

In *County Construction Co. v. Livengood Construction Co.,* 393 Pa. 39, 42, 142 A.2d 9 (1958), the Supreme Court of Pennsylvania held that replevin with bond was an action in rem since it was an action by which a party may gain possession of goods. The remedy at issue in *County Construction Co.* was a replevin with bond, a remedy which was subsequently replaced by the writ of seizure following a determination by the United States Supreme Court that the procedures of Pennsylvania's replevin provisions violated the federal constitution. *See* explanatory comment preceding 42 Pa.C.S.A.Rule 1071. Since the only distinction between the two remedies is procedural, I find *County Construction Co.* controlling as to how Pennsylvania's writ of seizure is characterized. Thus, the action is clearly *in rem,* a local action which must be brought in New Jersey.

Plaintiff's contention that Pennsylvania's replevin provisions give this court subject matter jurisdiction over an *in rem* action where the property is located outside the state has no support. "The basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state. *Hanson v. Denckla,* 357 U.S. 235, at 246, 78 S.Ct. 1228, at 1235, 2 L.Ed.2d 1283 (1958) (list cite omitted)." *Whitmer v. Whitmer,* 243 Pa.Super. 462, 365 A.2d 1316, *cert. denied* 434 U.S. 822, 98 S.Ct. 67, 54 L.Ed.2d 79 (1976). Accordingly, Plaintiff's Motion for Writ of Seizure is dismissed for lack of subject matter jurisdiction pursuant to F.R. Civ.P. 12(b)(6).