## WILLIAM B. CLEMENT v. ALBERT C. STANGER.

Submitted July 5, 1907—Decided December 4, 1907.

An action by a lessor against his lessee for damages for breaches of covenants contained in the lease is a transitory action in which the venue may be laid by the plaintiff as in other transitory actions.

On motion to change venue.

The plaintiff, who is the lessor, seeks to recover from the defendant, who is the lessee, damages for breaches of covenants in the lease. The declaration alleges that the defendant covenanted and agreed that he would not carry off any hay, straw, corn, and so forth from the said premises; that he would mow and keep well trimmed all the meadow attached to said farm; that he would keep the fences well trimmed, and further, that he would not cut any trees without the consent in writing of the said plaintiff, and that he would peaceably yield up and surrender the said premises. The declaration charges that after the making of the said indenture and during the said term the defendant removed from the said premises a large amount of rye straw, that he failed to keep up the fences on the farm, and that he wasted and removed therefrom a large amount of lumber belonging to the premises, and further, that he failed to surrender up the demised premises to the plaintiff in as good and sufficient repair as they were at the commencement of the said lease. Another count sets forth the breach of a contract independent of the lease and made subsequent to the execution thereof in which the defendant, it is alleged, agreed to break up and plow and cultivate a certain field on the said farm in consideration that the plaintiff would permit him to cut down certain trees on the same tract and use them for his own benefit.

The defendant obtained a rule to show cause why the venue in this action should not be changed from the county of Cumberland, where it was laid by the plaintiff, to the county of Gloucester, in which the farm mentioned in the lease is located. The question to be determined therefore is whether this action is local or transitory.

Before Justices GARRISON and SWAYZE.

For the plaintiff, *Austin H. Swackhamer.*

For the defendant, *John Boyd Avis.*

The opinion of the court was delivered by

GARRISON, J. We think that the action is transitory. The action is not brought to recover possession of the farm, but solely for damages for personal derelictions of a covenantor. Such an action is transitory. *Ward* v. *Holmes,* 2 *Halst.* 171; *Mehrhof* v. *Railroad Company,* 22 *Vroom* 56.

The point decided in *Hill* v. *Nelson,* 41 *Vroom* 376, and followed in *Doherty* v. *Cement Company,* 43 *Id.* 315, is aside from the present question, but the discussion contained in the former opinion is instructive. The rule to show cause is discharged, with costs.