WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT, v. BOARD OF WATER COMMISSIONERS OF ATLANTIC CITY, RESPONDENT.

Submitted June 22, 1914—Decided November 16, 1914.

1. Where the charter of a city provides for the appointment by it of a commission to have entire charge and control of the water works system, and to that end to purchase necessary machinery, pipes and all necessary materials for the maintenance, extension

JUNE TERM, 1914. 635

*86 N. J. L.* West Jersey, &c., R. R. Co. v. Bd. of Water Com.

and improvement of such water works upon condition, however, that no money shall be expended for any purpose other than that for which it shall be appropriated or designated by the city council, and that all disbursements on account of the water department shall be made by the city treasurer, upon the warrant of the comptroller, and such commission is not authorized to prosecute or defend suits, nor to raise money either by taxation, assessments or upon the credit of the city, such commission is not invested with corporate powers separate and distinct from that of the municipality, and it is therefore a mere agency of the city.

2. All contracts made by such a commission on behalf of the city, and within its lawful authority, are the original contracts of the city, and not of the members of the commission, although they may sign them with their own names.

3. Under the charter of Atlantic City, there is no such corporate body as the "Board of Water Commissioners of Atlantic City," and the acts of the members of such commission are either the acts of the city, or those of the individual members constituting the commission, depending upon whether such acts are done in the exercise of lawful authority to bind the city or not.

On appeal from the Supreme Court.

For the appellant, *Bourgeois & Coulomb.*

For the appellee, *Theodore W. Schimpf.*

The opinion of the court was delivered by

BERGEN, J. The basis of this action is a written contract under which the plaintiff seeks to recover moneys laid out and expended, as it claims, in the performance of work described in the contract, and which it claimed was to be repaid. The plaintiff offered the contract in evidence, which the trial court overruled, and in the absence of other competent proof in support of plaintiff's case, directed a judgment of nonsuit, from which plaintiff appeals. The contract recites that the plaintiff is the party of the first part, and the city of Atlantic City the party of the second part, and it is signed on behalf of the party of the second part by the president and secretary of the "Board of Water Commissioners of Atlantic City." The attestation clause of the contract declares that the corporate seal of each party is thereto affixed, but the

record submitted to this court fails to show that any seals were affixed. The defendant in the suit is described as "Board of Water Commissioners of Atlantic City," and the claim of the plaintiff is that such a board exists as a body corporate under the law which governs Atlantic City, and that as such it is authorized to enter into the contract declared on, and that, although the contract purports to be between the city and the plaintiff, it is in fact the contract of the defendant as a body corporate, and was, therefore, competent evidence against it in support of plaintiff's claim. On the other hand, the defendant insists that this board is not a body corporate with power to execute on its own behalf such an agreement, and that in making the contract, if it was authorized to do so, the members of the commission acted as an agency of the city, and therefore the writing, if it has any force, is the contract of the city and not of the defendant as a body corporate, and while it might be competent evidence in a suit against the city, it is not available against the defendant in this action. The contract as it reads is one with the city, signed by the officers of one of its agencies, and if such agent was lawfully endowed to bind the city it is the contract of the city, and if not authorized to bind the city in that manner, then the contract never was executed by the party named therein as the party of the second party.

It is admitted that when this contract was made the city of Atlantic City was incorporated under and subject to the provisions of an act entitled "An act relating to, regulating and providing for the government of cities" (*Pamph. L.* 1902, *p.* 284), and among the general powers granted the common council of all cities incorporated under that act is the raising by taxation all such sums of money each year as it shall deem expedient, "for supplying the city or the inhabitants thereof with water." The act further provides that the mayor, subject to confirmation by the city council, shall appoint a board of water commissioners to consist of three persons with defined powers, those pertinent to this issue being the entire charge and control of the water works

system of the city, the expenditure of all moneys appropriated by the common council or received by it from the sale of bonds issued for the extension or improvement of the water works system, or for real estate purchased therefor, "and to this end said board may purchase engines, pumps, boiler, machinery, pipe, meters and all necessary plants, materials and supplies for the maintenance, extension and improvement of such water works, and may purchase all necessary real estate and may erect suitable buildings, standpipes, reservoirs and other structures thereon for the use of such department; provided, however, that no moneys shall be expended by said board of water commissioners for any purpose other than that for which such moneys were appropriated or designated by city council; and provided further, that all disbursements on account of the water department shall be made by warrant of the city comptroller upon the city treasurer, and in payment only of bills duly approved by said board of water commissioners."

Whether under the authority thus given the board of water commissioners could, even as an agency of the city, bind the city to pay money in advance of an appropriation and designation of purpose may be doubted, but that question need not be now considered, because the plaintiff does not rest its case upon a contract made on behalf of the city, but upon the power of the commission as a municipal corporate body to make itself liable for the cost of an extension of the water-supply plant, although it has no power to expend money for any purpose except that which the common council shall designate, and for which it shall appropriate the money. In our opinion the defendant commission is not a *quasi* municipal corporation, separate and distinct from the body which appointed its members. This commission cannot expend the money of the city except for purposes designated by the common council, and only to the extent it shall see fit to appropriate. It is not empowered to sue, nor made liable to suit, or authorized to raise money either by taxation, assessment or upon the credit of the city; on the contrary, the municipal purse is made subject to the

control of the common council, and this commission is manifestly nothing more than an agency of the city to carry out under its supervision a portion of the municipal powers granted to the city by the legislature, and, as such, if acting within the scope of its authority in executing an instrument in behalf of the corporation, the members of such agency sign their own names, it is the contract of the city and not of the agency unless the contrary appears from the writing. 1 *Dill. Mun. Corp.* (*3d ed.*), § 453.

In the present case the contract runs in the name of the city of Atlantic City, and was signed "City of Atlantic City by" the president and secretary of the board of water commissioners of Atlantic City. It did not purport to be the contract of such board of commissioners, and if the members of such board had the authority to make such a contract on behalf of the city, it was the contract of the city and not of the commission, it nowhere appearing that it was the intention of the signers to assume a personal liability. So the rejected evidence was either the contract of the city, which did not bind those who executed it, or, as plaintiff insists, of the board of water commissioners of Atlantic City, made defendant as a corporate body, but, as we hold, with no such legal status, and in either event the contract was not competent evidence in support of plaintiff's claim against the defendant, described as the "Board of Water Commissioners of Atlantic City." The plaintiff, however, argues that its claim that the defendants have a corporate existence, and are properly defendants in this action, is supported by the case of *Oram* v. *New Brunswick,* 66 N. J. L. 632, where the right to hold the city liable for a debt created by the commissioners of streets and sewers of the city of New Brunswick was denied, but the situation there was so different from the present as to make the rule laid down in that case inapplicable to this controversy. In the case cited the commissioners were given the sole and exclusive power to make certain improvements, to issue bonds, to levy assessments for benefits, and the city was required to pay over to the commissioners the cost of improvements to the public

property whenever such cost was directed by the statute to be borne by the city. That commission was also empowered to prosecute or defend actions, and invested with other municipal powers relating to the improvement of streets and the building of sewers entirely beyond the control or interference of the city. No such powers are given to the defendant commission in this action, and the present issue is quite beyond the range of the legal principles which controlled the result in the case relied upon. The plaintiff also urges that it is entitled to recover against these defendants on the common counts, upon the ground, as stated in the appellant's brief, "that when a municipality receives benefits under an informal or *ultra vires* contract, which cannot be specifically enforced, it cannot escape liability in an action of *assumpsit.*" The trouble with this proposition is that this action is not against the municipality which received the benefits. The brief of the plaintiff deals with the situation as if the city was liable upon an implied promise to pay, having had the benefit of the work, but if this be granted that would not render its agent liable in its own behalf on a contract made for the city, which was the extent of its authority, it not appearing that such agency assumed any liability. Therefore, even if the city would be liable upon an implied promise to pay for benefits received, that would not justify a judgment against this defendant as a beneficiary, for it received none distinct from the city.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal*—None.