PROSPECT POINT LAND IMPROVEMENT COMPANY, RE-
SPONDENT, v. SEWARD B. JACKSON, APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Lawrence Day.*

For the respondent, *H. Warner Doremus.*

The opinion of the court was delivered by

PARKER, J. The suit originated in the District Court of the First Judicial District of Morris county, and was by landlord against tenant for unpaid rent reserved by a written lease under seal, of lands in Sussex county. In response to a demand therefor, the following defenses were specified:

"1. Defendant denies he is indebted to the plaintiff.

"2. Plaintiff did not have good right and title to make the lease to the premises described and incorporated in the state of demand.

"3. Plaintiff, by its fault and neglect, caused the defendant to be evicted from the full use and enjoyment of the premises leased."

The lease was for two years from May 15th, 1929, at $300 per year, one-third payable in July, August and September. The property is of the class devoted to summer bungalows, which it was contemplated the tenant should erect, the lease

giving him the right to remove them. On July 4th, 1930, defendant vacated, claiming an eviction, and refusing to pay further rent.

The demised lands are situate on the northwesterly shore of Henderson Cove in Lake Hopatcong. It is admitted that the only access to them by the tenant was by water. About one hundred feet to the south a twenty-five foot driftway ran to the shore, but other lots intervened between this and the demised premises.

The "eviction" claimed consisted in this, that on July 3d, 1929, one McBride, not shown to be connected with the landlord in any way, and not shown to have a paramount title or indeed any title at all so far as the state of the case indicates, put up a fence consisting of one strand of wire on posts, with a ten-foot opening, across the demised premises from the rear property line to the lake.

This was the substance of the eviction claim which seems to be set up in the third specification of defenses. Such a situation, not brought about by the act or procurement of the landlord, is no defense to an action for rent. 36 *C. J.* 270; *O'Neil* v. *Pearse,* 87 *N. J. L.* 382; 88 *Id.* 733. No eviction by paramount title was shown. 36 *C. J.* 271.

We agree with the Supreme Court that the question to defendant as to why he refused to pay, and to McBride whether he claimed to own the property, where he placed the fence, were immaterial and incompetent, and properly overruled. They were set up as the first and second grounds of appeal in the Supreme Court. The other four grounds relate to the charge and were ignored by the Supreme Court on the ground that the state of the case as laid before that court contained neither the charge, nor the requests to charge by plaintiff claimed to have been charged. There was a motion at the opening of the term to confine the state of the case before us to that presented to the Supreme Court, and that motion was granted, so that these points are not before us.

A final point is made which, it is conceded, was not made in the Supreme Court, and which appears not to have been

made in the trial court. It is, that the District Court lost jurisdiction (a) because title to land was involved; (b) because the land in question is situate out of Morris county, to which the territorial jurisdiction of the District Court was restricted.

As has been pointed out, the title to the land was at no time legally brought in question. The suit was by a landlord against its tenant for rent reserved by covenant in a lease. Such actions are transitory and not local, being based on privity of contract. 36 *C. J.* 410; *Bracket* v. *Alvord,* 5 *Cow.* 18; *Patten* v. *Deshon,* 1 *Gray (Mass.)* 325, 326. See *Ward* v. *Holmes,* 7 *N. J. L.* 171.

The judgment will be affirmed.

*For affirmance*—TRENCHARD, PARKER, CASE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 10.

*For reversal*—None.