Kenneth G. **BLUE**, Administrator of the Estate of Wade Richard Blue, Plaintiff,

v.

**NATIONAL FUEL GAS DISTRIBUTION CORP.** and Mary S. Franek, Joseph A. Franek, Jr., Antoinette Franek Babos, Joanne Franek Mirizio, Franek & Company, Inc., a Pennsylvania Corporation, Franek Consumer Discount Company, a Pennsylvania Corporation, Defendants.

Civ. A. No. 76–883.

United States District Court, W. D. Pennsylvania.

Sept. 28, 1977.

Robert T. Kane, Munhall, Pa., for plaintiff.

Norman H. Stark, Erie, Pa., Milton W. Lamproplos, Pittsburgh, Pa., for Nat. Fuel Gas.

Wm. A. Pietragallo, Pittsburgh, Pa., for all other defendants.

## OPINION

MARSH, District Judge.

This diversity action arose from an alleged gas explosion in a room occupied by Wade Richard Blue causing burns resulting in his death on July 4, 1975. The decedent lived in Farrell, Pennsylvania. He had previously lived in Miami, Florida. After the death of his wife and mother, the decedent moved to Farrell in 1974. The Plaintiff administrator of decedent's estate, Kenneth G. Blue, is a son of the decedent. Letters of Administration were issued to Kenneth by the Register of Wills of Mercer County in June, 1976.

The plaintiff administrator brought this suit on July 6, 1976 alleging that he was a citizen of New Jersey. The defendants challenged the jurisdiction of this court. A hearing was held on September 6, 1977. From the facts elicited at the hearing, the deposition of the plaintiff taken on November 26, 1976, and the interrogatories answered by plaintiff filed March 11 and September 1, 1977, we find that the plaintiff administrator was a citizen of New Jersey on July 6, 1976 when the complaint was filed.

■ It is well established that the burden of proof to show that a federal court has jurisdiction of a case is upon the plaintiff who brings the action. *McNutt v. General Motors Accept. Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Krasnov v. Dinan*, 465 F.2d 1298 (3rd Cir. 1972); *McSparran v. Weist*, 402 F.2d 867, 875 (3rd Cir. 1968) *cert den. sub nom.*, *Fritzinger v. Weist*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969).

The plaintiff, now 24 years old, was domiciled in Sharon, Pennsylvania, from his birth until August 17, 1975. He was born in Sharon and was raised there by his grandparents, John and Fannie Sutton, in their house on Baldwin Avenue. The plaintiff, who never lived with his father, resided with Mr. Sutton, his step-grandfather, after the plaintiff's grandmother died in 1974. The plaintiff attended public schools in Sharon and graduated from Slippery Rock State College in August, 1975.

In May, 1975, the plaintiff applied for a job at Glassboro State College in Glassboro, New Jersey. He was accepted in June, 1975 and moved to Glassboro on August 17, 1975 and began his employment as a resident director. His address is Mullica Apartment, Glassboro, New Jersey. He lives in a residence hall for students of the

college. He was required to live there by the terms of his employment. He moved all his personal property to his New Jersey apartment.

While employed he began to attend classes at Glassboro as a non-matriculated graduate student. He was formally enrolled as a graduate student in January, 1976. His goal is to get a Master's Degree in education and public relations in 1978 and continue to work as an employee of the college as an administrator. His compensation is $4,000 a year plus room and board and he tutors students at $40 per week. (Deposition pp. 4, 6). He works at the college during the summer vacation. The college considers plaintiff to be a resident of New Jersey and charges him the student tuition applicable to a New Jersey resident. His employment at the college has continued to the present.

When he obtains his Master's Degree at Glassboro he desires to work in a college administrative position. He has applied for positions at five New Jersey colleges, two New York colleges, a Vermont college and Slippery Rock State College in Pennsylvania. He has applied to schools in the states mentioned but his focus is on New Jersey, and he intends to reapply to the New Jersey colleges when he obtains his Master's Degree if he has not been hired by one of them at that time.

The plaintiff pays New Jersey state income taxes. The address given on his 1976 Wage and Tax Statement (Plaintiff's Exhibit 1) is Mullica Apartment, Glassboro State College, Glassboro, New Jersey. He is not registered to vote anywhere.

In September, 1975, plaintiff opened two bank accounts in the First National Bank of South Jersey, Glassboro Branch. Plaintiff and his step-grandfather have a joint bank account at McDowell National Bank in Sharon, Pennsylvania. This account was opened after the death of decedent. The original balance was $2,000 and presently is

$408. The source of the funds was decedent's social security and veteran benefits. From this account decedent's funeral expenses were paid.

In 1975, plaintiff obtained a Pennsylvania driver's license which expired in September, 1977.[1] In December, 1976, he purchased a Pontiac sedan in Sharon because his step-grandfather was familiar with Sharon auto dealers and the cars appeared to be less expensive in Sharon than in New Jersey. On January 10, 1977 the New Jersey Division of Motor Vehicles issued to him a Certificate of Ownership of a Motor Vehicle. In March, 1977, he obtained a New Jersey driver's license. The Pennsylvania license has not been renewed. The car is insured through a State Farm agent in New Jersey.

In November, 1975, plaintiff began to attend the Mount Zion Baptist Church in New Jersey and is now a member of that church following baptism. He did not attend any church in Pennsylvania. He has a New Jersey girlfriend to whom he expects to become engaged. He has no girlfriends in Pennsylvania.

Plaintiff's step-grandfather now lives in Ardmore, Pennsylvania for health reasons. Plaintiff visits him every two weeks. He also visits relatives in Farrell two or three times a year. He has about ten friends in Mercer County. Athletic mementos received in high school and college are on display at his prior residence in Sharon. He stated these were gifts to his grandmother. Other mementos are in his New Jersey apartment.

The plaintiff testified he considers New Jersey as his residence and intends to stay there indefinitely. In 1975 he told his cousin Gary Richard Ross that he hoped to make New Jersey his home because he felt opportunities in Sharon were not too plentiful.

In determining change of citizenship or domicile[2] two elements are necessary. First, an individual must take up residence

---

1. See photocopy of license attached to Answers to Interrogatories filed March 11, 1977.

2. For purposes of jurisdiction of Federal Courts on the grounds of diversity of citizenship, the terms "domicile" and "citizenship" are synonymous. Cf. *Krasnov, supra,* 465 F.2d at 1300.

718

at the new domicile; and second, he must intend to remain there. *Krasnov, supra,* 465 F.2d at 1300. This is not to state that the individual must not have the vague contemplation of eventually going elsewhere or even of returning to the state whence he had come, but merely requires that the new state be one's home for an indefinite period of time with an intention to remain. *Gallagher v. Philadelphia Transp. Co.,* 185 F.2d 543 (3rd Cir. 1950); *Gordon v. Steele,* 376 F.Supp. 575 (W.D.Pa. 1974).[3]

■ In determining whether a party intended to establish a domicile in a state to which he has moved, the circumstances such as residential quarters, place of business, payment of taxes, motor vehicle registration, church attendance and membership, and his own declaration of domicile are a few of the indicators evidencing domicile and lend some guidance in the determination.

■ We think the facts unmistakably indicate an intention to abandon the former domicile and adopt a new one. Students or college employees who are required to live in a particular jurisdiction because of the location of the institution in which they are enrolled or employed can establish domicile within that jurisdiction. *Johnston v. Cordell National Bank,* 421 F.2d 1310 (10th Cir. 1970); *Gordon v. Steele, supra* ; *Wehrle v. Brooks,* 269 F.Supp. 785 (W.D.N.C.1966), *aff'd* 379 F.2d 288 (4th Cir. 1967).

■ In light of the totality of the circumstances, it is our opinion that the plaintiff was a citizen of New Jersey at the time he filed this suit. The evidence is sufficient to overcome any presumption in favor of his former Pennsylvania domicile. We conclude this federal court has jurisdiction since the requisite diversity under 28 U.S.C. § 1332 is present.

An appropriate order will be entered.

3. *Sanial v. Bossoreale,* 279 F.Supp. 940 (S.D.N.Y.1967) cited by the National Fuel Gas Distributing Corp. is distinguishable. In that case the plaintiff executed an employment contract to work in her original domicile before she left for her alleged acquired domicile. After filing suit, she returned to her original domicile to honor the employment contract. In addition, during the interim she maintained her home at her original domicile to which she returned after filing suit. These facts quite naturally compelled a finding that there was no change of citizenship. They are not present in the case *sub judice.*