**X–RAIL SYSTEMS, INC., Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

No. Civil 80–522.

United States District Court,
D. New Jersey.

March 14, 1980.

---

Ravin & Kesselhaut by Joseph L. Cook, West Orange, N. J., for plaintiff.

Jeffrey S. Cook, Upper Montclair, N. J., with Alan M. Epstein, for defendant.

## OPINION

BIUNNO, District Judge.

The case is here on return of an order to show cause why defendant should not be enjoined from terminating a lease dated April 1, 1973 pending further order of the court.

The same date is the return of an order obtained by defendant to show cause why the case should not be dismissed, either for lack of jurisdiction over the case or over the person of defendant, or for transfer to the Northern District of Illinois where the leased land is located. Both orders were treated as though they were motions brought on notice for a short date, which is what they amount to.

The documents on hand show that defendant Railway entered into a lease with X–Rail as tenant on December 26, 1972, for lands in Chicago, Ill., along with certain sidetracks. That lease was evidently superceded by another dated April 1, 1973.

Application was made by Railway on May 11, 1973 to the Illinois Commerce Commission (Docket 58261) for its consent and approval. Hearing was had on May 23, 1973, and an Order approving the lease was entered February 26, 1975, based in part on a finding that the leased land "is not currently used or useful in [Railway's] operations."

The 1973 lease says, in part, that: "If, in the sole discretion of Lessor, the leased premises are required for railroad yard purposes, Lessor may terminate this lease by giving Lessee at least thirty (30) days' written notice of termination * * *." This provision is of a kind that may be necessary, under applicable statutes of Illinois, or agency regulations, to warrant approval of the lease by the Illinois Commerce Commission. For a comparable local statute, see N.J.S.A. 48:3–7, and *West Jersey, etc. v. Board, etc.*, 86 N.J.L. 634, 92 A. 369 (E & A 1915).

The complaint and moving affidavits say that such a notice of termination was given on February 8, 1980, effective March 31, 1980. There is a dispute between the parties about a later arrangement, or a practical construction by the parties, that in the event of termination Railway would either arrange to provide adequate available space elsewhere in its Chicago rail yards, or if X–Rail relocated elsewhere, to allow it to make the move so that its operation could continue without interruption.

X–Rail's business is that of "bulk transfer", i. e., receiving liquid or powdered material—"anything that can flow"—in tank car lots on its sidetracks and transferring the article to over-the-road trucks of smaller capacity. Sometimes the contents of one tank car may be trucked out to some number of consignees in less than tank car lots, in which case a series of bills of lading, each calling for shipment of a smaller quantity to each consignee "through" X–Rail, will account for the contents of the tank car.

Railway asserts that the action is a "local action" that can be brought only where the

lands are, citing *Minichiello, etc. v. Britt*, 460 F.Supp. 896 (D.N.J.1978) and other precedents there referred to. X–Rail argues that the claim is not local but transitory and relies on a number of New Jersey cases, among others, for the proposition. *Lindley v. O'Reilly*, 50 N.J.L. 636, 15 A. 379 (E & A 1888) does not support the proposition. It does contain a passage, quoted in X–Rail's brief, that courts of equity of one jurisdiction may entertain a suit for specific performance, or to establish a trust, or for a conveyance, in respect to land (or an interest therein) located in another jurisdiction. But, as the rest of the decision shows, this only is true when there is no dispute of title or right of possession, referring to *Davis v. Headley*, 22 N.J.Eq. 115 (Ch. 1871) where the New Jersey court refused to enforce a Kentucky court decree rescinding a conveyance of New Jersey lands, and fell outside the Full Faith and Credit Clause, citing *Public Works v. Columbia College*, 84 U.S. 687 (1873).

In *Clement v. Stanger*, 75 N.J.L. 287, 68 A. 97 (Sup., 1907), a suit for damages for breach of personal derelictions by the covenanting lessee was held transitory rather than local because "[t]he action is not brought to recover possession * * *."

Similarly, a suit to recover unpaid rent, where "the title to the land was at no time legally brought in[to] question" was held transitory and not local. *Prospect Point v. Jackson*, 109 N.J.L. 385, 162 A. 576 (E & A 1932).

The dispute here does involve possession. Railway expects to have the right to possession on March 31/April 1, 1980 (which date controls would be a matter of Illinois law), and X–Rail seeks to restrain Railway from obtaining possession then.

X–Rail does also seek damages, but if its claim proves to be unfounded, it will have no claim for damages but may be liable in damages. If it be sustained in its claim to retain possession for the months while it readies its new location, the possession itself will be enjoyed and no claim for damages can arise. X–Rail can only recover damages if Railway recovers possession and its recovery thereof proves to have been unwarranted.

Thus, the outcome will necessarily be controlled by the disputed issue of the right to possession, and this aspect is local, not transitory.

Railway also claims lack of *in personam* jurisdiction, especially in light of the recent decisions in *Volkswagen Corp. v. Woodson*, —— U.S. ——, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) and *Rush v. Savchuk*, —— U.S. ——, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), and their effect on *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

X–Rail has the burden of showing sufficient minimum contacts to show jurisdiction over the person, and is entitled to have discovery to obtain the facts to carry that burden. *McNutt v. General Motors, etc.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Krasnov v. Dinan*, 465 F.2d 1298 (CA 3, 1972); *Blue v. Nat'l. Fuel, etc.*, 437 F.Supp. 715 (D.Pa.1977); *River Plate Corp. v. Forestal Land, etc.*, 185 F.Supp. 832 (D.N.Y.1960).

Discovery by deposition and document discovery began March 10, 1980, but documents were refused and witnesses were improperly instructed not to answer, so that discovery is incomplete. This court is unable to rule on the point.

In these circumstances, the proper remedy is to transfer the case to the U.S. District Court for the Northern District of Illinois. Such a transfer is authorized by 28 U.S.C. § 1404(a) in the interests of justice, and by 28 U.S.C. § 1406(a) where a case is in the wrong district. See, *U. S. v. Berkowitz*, 328 F.2d 358 (3 Cir. 1963), *cert. den.*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964).

Railway is undeniably present in Chicago for *in personam* actions, and the land is also in Chicago. Transfer will accordingly strike a constructive blow in support of the need to eliminate avoidable discovery, and aid in the inexpensive determination of the action, Rule 1, F.R.Civ.P., since it will render moot the dispute over minimum contacts.