Gary WATKINS, Plaintiff(s),

v.

**CRESCENT ENTERPRISES, LLC, a Delaware corp., Nova Gaming, LLC., a Delaware limited liability company, Bobby Mosley, Sr., Bobby Mosley, Jr., and J. Michael Caldwell, Defendant(s).**

No. 03–CV–734–J.

United States District Court, N.D. Oklahoma.

April 19, 2004.

Stephen Q Peters, Harris Gordon McMahan Peters & Thompson PC, Tulsa, OK, for Gary Watkins, plaintiff.

Brian Stanley Gaskill, D. Michael McBride, III, Sneed Lang PC, Tulsa, OK, Benjamin "Ned" E. Nicholson, McNair Law Firm PA, Columbia, SC, for Crescent Enterprises, LLC, a Delaware corporation, Nova Gaming, LLC, a Delaware limited liability company, Bobby Mosley, Sr., Bobby Mosley, Jr., J. Michael Caldwell, defendants.

## ORDER [1]

JOYNER, United States Magistrate Judge.

Currently before the Court is the motion by Defendants to transfer, or alternatively stay this action. [Docket Nos. 10–1, 10–2]. Defendants assert that numerous actions related to the above-captioned case are currently pending in the state courts of South Carolina. Because those currently pending actions were filed prior to this action, Defendants request that this Court either transfer this action to federal court in South Carolina, or stay this action pending the outcome of the other state court actions. The Court has considered the arguments of counsel, the briefs submitted by the parties and the applicable case law. The Court **DENIES** the motion by Defendants to transfer or alternatively stay this action. [Docket Nos. 10–1, 10–2].

## I. PENDING LAWSUITS INVOLVING THE PARTIES

The parties have at least four state court proceedings in South Carolina which are currently pending. Two of those proceedings are in arbitration. In addition, at least three lawsuits have been filed in Oklahoma, although only this action remains pending.

*South Carolina Lawsuit No. 1*

*Galaxy Gaming, Inc. v. Gary Watkins,* in the Court of Common Pleas, South Carolina, Docket No. 2003–CV–23–1494, was filed June 16, 2003. This action was removed to federal court by the Defendant (Watkins, the Plaintiff in the action in this Court) and subsequently remanded to state court. This action is currently in binding arbitration in South Carolina. Galaxy Gaming, the Plaintiff in this lawsuit, requested injunctive relief. Galaxy Gaming generally alleges that Watkins, while President of Galaxy, improperly took equipment, revenues, and committed other inappropriate actions. Plaintiff alleges damages based on the actions of Watkins. Watkins has asserted several counterclaims in the action related to the diminution in the value of his stock in Galaxy, the improper removal of him as President of Galaxy, and the interference with his contractual relations.

At oral argument, counsel for Watkins stated that Watkins dismissed claims against Defendant Mosley Jr. and Defendant Caldwell in the action pending in this Court because the claims against them were preserved in the claims pending in South Carolina.

*South Carolina Lawsuit No. 2*

*BestCheck, Inc. v. Millennium Entertainment Technology, LLC and Gary Wat-*

---

1. This Order is entered pursuant to the consent of the parties. *See* 28 U.S.C. § 636.

*kins,* in the Court of Common Pleas, South Carolina, Docket No. 03–CV–23–1493, was filed June 13, 2003. This action was removed by the Defendants to federal court and subsequently remanded back to state court. This action is currently in non-binding arbitration. At oral argument the parties informed the Court that the arbitration of this action will occur in Tulsa, Oklahoma during the first week of May 2004.

In the *BestCheck* action, BestCheck asserts a breach of contract by the Defendants, the improper use and conversion of gaming machines, the breach of fiduciary duties, fraud, and tortious interference with contract. As counterclaims, Defendants assert that BestCheck interfered with business relationships and improperly attempted to terminate agreements and interfere with the Defendants' businesses. Defendants additionally request dismissal of the case subject to the doctrine of *forum non conveniens*. By Order dated October 2, 2003, the South Carolina court noted that:

> As an alternative to compelling arbitration, the Defendants have asked the court to dismiss this action based upon the doctrine of *forum non conveniens. This appears to be an appropriate case for application of that doctrine,* but in light of the anticipated arbitration in Oklahoma, it is not yet necessary to grant such relief. Accordingly, the court will hold its ruling in abeyance pending the results of the non-binding arbitration and will retain jurisdiction to decide the motion if the arbitration is unsuccessful in disposing of the case.

*See Plaintiff's Memorandum in Opposition to Defendants' Motion to Transfer or, Alternatively, Stay,* filed December 30, 2003, Exhibit G (emphasis added).

### South Carolina Lawsuit No. 3

*Crescent Enterprises, LLC., v. Gary Watkins,* In the Court of Common Pleas, South Carolina, Docket no. 03–CV–23–3950, was filed June 11, 2003. This Complaint is titled "Tortious Interference with Contract." Plaintiff asserts that it is a Delaware corporation and that Defendant was President of Galaxy until February or March of 2003. Plaintiff states that at least one of Crescent's customers was told not to pay Crescent because Defendant was in a dispute with Galaxy. Plaintiff alleges damages in a sum not to exceed $74,500.

### South Carolina Lawsuit No. 4

*Crescent Enterprises, LLC. v. Watkins,* In the Court of Common Pleas, South Carolina, Docket No. 03–CV–23–3951, was filed June 11, 2003. The Complaint is titled "Declaratory Judgment." Plaintiff asserts that Defendant has claimed an ownership interest in software owned by Plaintiff and requests a declaratory judgment that Plaintiff owns all rights in the specific software.

### Lawsuit in Tulsa County

*Watkins v. Crescent Enterprises LLC, NOVA Gaming LLC, Bobby Mosley, Sr., Bobby Mosley Jr., and Michael Caldwell,* was filed in the District Court of Tulsa County. The action was dismissed without prejudice by the parties on October 8, 2003.

### Northern District of Oklahoma Lawsuits

Plaintiff has filed and dismissed two lawsuits in the Northern District of Oklahoma. *Watkins v. Galaxy Gaming, Inc.,* Case No. 03–CV–187–C(M), was filed in the Northern District of Oklahoma on March 18, 2003. Plaintiff asserted that Plaintiff and Defendant entered a Non–Competition, Confidentiality and Non–Interference Agreement which gave Watkins one-third ownership in Galaxy in exchange for his expertise in providing gaming sites for Galaxy. Plaintiff contended that he

honored the agreement and was never told there were complaints concerning the agreement or his performance. Plaintiff alleges that on February 26, 2003, Bobby Mosley, Jr. and Michael Caldwell held a secret shareholder meeting and asserted that a catastrophic event had occurred allowing them to proceed without notice to Plaintiff. Plaintiff asserted various claims including breach of contract, defamation/libel and slander *per se,* intentional infliction of emotional distress, tortious interference, improper treatment of a minority shareholder, and wrongful discharge. This action was dismissed by joint stipulation of the parties on June 23, 2003.

*Millennium Entertainment Technology, LLC v. BestCheck, Inc.,* Case No. 03–CV–188–K(M), was filed in the Northern District of Oklahoma, Case No. 03–CV–188–K(M). Plaintiff asserted claims based on breach of contract and tortious interference. This action was dismissed by joint stipulation of the parties on June 23, 2003.

*The Current Action Pending in this District*

The action currently pending in this Court is styled *Watkins v. Crescent Enterprises, LLC, NOVA Gaming, Bobby Mosley, Sr., Bobby Mosley, Jr. and J. Michael Caldwell.* This action was filed in Tulsa County on August 22, 2003. The action was removed to this Court by the Defendants. Prior to removal to this Court, Plaintiff dismissed Defendants Bobby Mosley, Jr., and J. Michael Caldwell. Plaintiff asserts claims based on tortious interference with prospective economic gain, civil conspiracy, negligent and intentional fraud, and breach of fiduciary duty.

## II. TRANSFER OR STAY OF ACTION

Defendants initially request that the action be transferred to a South Carolina federal court. Absent transfer of this action to South Carolina, Defendants request that this Court stay this action pending the outcome of the South Carolina lawsuits.

Defendants assert that the action currently pending in this district is merely duplicative of the causes of actions which are currently pending in the South Carolina state courts. However, Nova Gaming, Inc. ("Nova"), which is a party to this action is not a party to any of the currently pending South Carolina lawsuits. Defendants do not explain how Plaintiff's causes of action against Nova could be included in any of the pending South Carolina lawsuits.[2] Defendants have not established that all claims and all parties are duplicative of claims in other currently pending actions.

### A. Considerations Related to Transfer of Action

■■■■ Defendants suggest that this action should be transferred to South Carolina federal courts under the applicable venue provisions. The discretionary venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden of establishing that an action should be transferred is on the moving party, and the Plaintiff's choice of forum is given heavy weight.[3] *Gulf Oil Corp. v. Gilbert,*

---

**2.** At oral argument, Plaintiff stated that he suggested to Defendants that the Nova claims be included in the pending binding arbitration in South Carolina, but that Defendants declined Plaintiff's offer.

**3.** Defendants note that the weight given to Plaintiff's choice of forum is lessened if prior litigation relating to the same subject matter is pending in another forum. In this case, as noted above, the previously filed litigation does relate to the same subject matter. However, the Court is not convinced that full relief

330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The decision to transfer is one that is within the discretion of the Court. *Hoster v. Monongahela Steel Corp.*, 492 F.Supp. 1249, 1253 (W.D.Okla.1980).

 Numerous factors are considered by the courts in evaluating whether or not an action should be transferred to a different judicial district. The "three general criteria upon which a transfer motion is to be determined: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." *Nat'l Surety Corp. v. Robert M. Barton Corp.*, 484 F.Supp. 222, 224 (W.D.Okla. 1979). Under the third criteria, "there should be considered the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Jacobs v. Lancaster*, 526 F.Supp. 767, 770 (W.D.Okla.1981). In *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir.1991), the Tenth Circuit Court of Appeals discussed the factors relevant to considering whether to transfer an action to a different venue.

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen*, 376 U.S. at 622, 84 S.Ct. at 812). Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Defendants urge that the Court should consider the contact that the parties have with alternate forums, the location of parties who will be examined, and the location of documents that must be used or produced at trial. Defendants note that the parties have significant contacts with South Carolina, and that there are lawsuits already pending in South Carolina involving these parties. Defendants also maintain that numerous witnesses are located in South Carolina and that the documents for the Defendants' businesses are in South Carolina. Plaintiff notes that each of the indian tribes and witnesses are located in Oklahoma, that the work was performed predominantly in Oklahoma, that the purpose of the businesses was to conduct transactions in Oklahoma.

Plaintiff represents that the Indian tribe witnesses may be unwilling witnesses and may need to be compelled by subpoena. The Indian tribal witnesses are subject to service of process within this judicial district, and could be subpoenaed for trial in Oklahoma, but not in South Carolina. The majority of the witnesses which Defendants assert are located in South Carolina are either shareholders, employees, or related in some way to Defendants in this

for Plaintiff based on the claims pending in this district could be fashioned in the causes

of action pending in South Carolina.

lawsuit. The majority of the business was conducted in Oklahoma. The fax which Plaintiff asserts was the precursor to this lawsuit was sent to an Indian tribe in Oklahoma. The Court is persuaded that these factors favor the retention of this lawsuit in Oklahoma.

Defendants assert that a transfer of this lawsuit to South Carolina would involve a substantial savings of time and expense and would be more efficient. Defendants are correct that several currently pending lawsuits in South Carolina state courts involve at least some of the parties in this action and have claims which overlap some of the assertions in this lawsuit. However, the lawsuits that are currently pending in South Carolina are in state court. A transfer by this Court to a federal court in South Carolina will not result in a consolidation of any of the lawsuits. Consequently, a transfer of this lawsuit to South Carolina will probably not significantly change the allocation of judicial resources or the duplication of effort because the number of pending lawsuits will not change. In addition, at least one party in this lawsuit, Nova, is not named in any of the South Carolina lawsuits. Plaintiff states that this Defendant is the primary viable Defendant against which Plaintiff can secure relief. The Court is not persuaded that a transfer of this action to a South Carolina federal court will result in any significant savings of judicial time or resources. In addition, the Court notes that although actions are currently pending in South Carolina, at least one South Carolina state court has contemplated dismissing the action in South Carolina based on the doctrine of *forum non conveniens.*

Defendants contend that the poor health of Bob Mosley, Sr. justifies the transfer of this action to South Carolina. This Court has granted the motion to dismiss Mosley based on lack of personal jurisdiction over Mosley. Defendants assert that the lack

of personal jurisdiction over Defendant Mosley Sr. favors the transfer of this case to South Carolina where jurisdiction is present with respect to Defendant Mosley Sr. The cases referenced by Defendants primarily involve lawsuits with only one Defendant. *See e.g. Kahhan v. City of Fort Lauderdale,* 566 F.Supp. 736, 739 (E.D.Pa.1983); *Donnelly v. Klosters Rederi A/S,* 515 F.Supp. 5, 7 (E.D.Pa.1981); *X–Rail Sys., Inc. v. Norfolk & W.Ry. Co.,* 485 F.Supp. 553, 555 (D.N.J.1980); *Terukuni Kaiun Kaisha, Ltd. v. C.R. Rittenberry and Associates, Inc.,* 454 F.Supp. 418 (S.D.N.Y.1978); *Spherion Corp. v. Cincinnati Financial Corp.,* 183 F.Supp.2d 1052, 1059 (N.D.Ill.2002). Defendants represent that these courts concluded that absent jurisdiction over the Defendant, the lawsuit should be transferred to a court which has jurisdiction over the Defendant. One difference in the action pending in this Court is that personal jurisdiction is not challenged with respect to two Defendants. Therefore, absent the presence of Defendant Mosley, this action still continues. Plaintiff has the choice of filing this lawsuit in South Carolina or in this judicial district, and Plaintiff has chosen this district. Plaintiff, at oral argument, represented that Plaintiff's choice of forum would remain in this district even if Plaintiff had to separately sue Mosley in South Carolina because of lack of personal jurisdiction in this Court. The Court concludes that this factor does not sufficiently counter the factors favoring the retention of this action in this Court.

Plaintiff's cause of action relates to Oklahoma. Plaintiff asserts causes of actions concerning Plaintiff and businesses with the primary purpose of selling gaming software to Oklahoma Indian tribes. The action certainly concerns Oklahoma.

Defendants assert that South Carolina law will control the action because Wat-

kins' rights with respect to Galaxy are controlled by South Carolina law pursuant to the shareholders' agreements. However, Defendants ignore that Plaintiff has asserted Oklahoma causes of action based upon common law, and that such causes of action will involve the application of Oklahoma state law. At this stage of the litigation, the Court concludes that the state laws of both Oklahoma and South Carolina are likely involved in this action.

Defendants additionally characterize Plaintiff's lawsuit as being filed in retaliation to Defendants' South Carolina lawsuits. The Court disagrees. Plaintiff filed this lawsuit on August 22, 2003, after an August 20, 2003 fax was sent to the Creek Nation. The fax provided that "effective August 25, 2003 Nova Gaming, Inc. has taken over for Galaxy Gaming, Inc. If you would normally wire funds to Crescent Funding, we now need you to change that.... If you do not wire funds, but mail checks, please make checks payable to: Nova Gaming, Inc." *See Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer or, Alternatively, Stay,* filed December 30, 2003, Exhibit "B." Plaintiff's claims in this district are based, in part, on the fax sent by Defendants, and was filed within two days of the date of the fax. The Court cannot conclude, on the basis of this record, that Plaintiff's lawsuit is in retaliation to Defendants' lawsuits.

The decision to transfer the action is a discretionary decision for the Court. In this case, after having considered numerous factors, the Court concludes that this action should not be transferred. Oklahoma is Plaintiff's choice of forum. Transferring the action to the federal court in South Carolina will not decrease the overall number of lawsuits. The Defendant businesses operate principally in Oklahoma. The actions about which Plaintiff complains occurred primarily in Oklahoma. Numerous witnesses who are not, in any way related to any party to this action are located in Oklahoma. The action will probably involve both Oklahoma and South Carolina state law. Furthermore, at least one court in South Carolina has discussed the possibility that South Carolina is a *forum non conveniens.* The Court concludes that the factors for consideration in determining venue favor this action remaining in this district.

**B. Considerations Related to a Stay of the Action**

 Defendants additionally request that this action be stayed pending the outcome of the South Carolina state court actions. However, a previously pending state court action, even if it involves the same issues as a pending federal action does not automatically translate into a stay of the federal proceeding.

Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.... As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation." This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.

*Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–819, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) *citations omitted.*

In *Fox v. Maulding,* 16 F.3d 1079 (10th Cir.1994), the Tenth Circuit Court of Appeals discussed the Supreme Court decision in *Colorado River.* The Tenth Circuit noted that the doctrine discussed in *Colorado River* is the exception rather than the rule, and permits a "federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on 'considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." ' " *Fox* 16 F.3d at 1080.

■ The first requirement is that the state court litigation and the federal court litigation must involve parallel proceedings. *Fox,* 16 F.3d at 1081. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.citing New Beckley Mining Corp.,* 946 F.2d at 1073. *Fox* notes that the appropriate comparison is between the actual claims and parties in the state court and federal court rather than considering claims or parties that could have been brought. As discussed above, at least one Defendant, Nova, is not a party in any of the pending South Carolina state court lawsuits. In addition, the claims emphasized by Plaintiff in this action are related to the actions of Defendants with respect to the August 20, 2003 fax. Although each of the cases will probably involve overlapping facts, Plaintiff has some specific claims in this lawsuit which are unique to this lawsuit. The Court is not persuaded that the federal and state court lawsuits involve parallel proceedings.

■ This ends the inquiry with regard to a stay pursuant to *Colorado River.* The cases note that only if the court first determines the proceedings are parallel should the court then examine whether or not the "exceptional circumstances" exist which would warrant staying or dismissing the action in deference to the state proceedings. However, the Court additionally concludes that consideration of those "exceptional circumstances" would not result in a stay under the particular facts in this action.

The Tenth Circuit noted numerous factors which courts consider in determining whether or not to stay an action.

In *Colorado River,* the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether "exceptional circumstances" exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. The Court discussed several other factors in *Moses H. Cone,* such as the vexations or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights. Other courts have also considered whether the party opposing abstention has engaged in impermissible forum-shopping. No single factor is dispositive; "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case."

*Fox,* 16 F.3d at 1082 *citations omitted.* The Court notes that:

Rather than use the factors as a "mechanical checklist," a court should engage in a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Indeed, since "[o]nly the clearest of jus-

tifications will warrant dismissal, any doubt should be resolved in favor of exercising federal jurisdiction."

*Fox,* 16 F.3d at 1082. *See also American Benefit Life Ins. Co. v. United Founders Life Ins. Co.,* 515 F.Supp. 800 (W.D.Okla. 1980) ("The instant action is more than a case of one action being filed in state court and a second action in federal court. If that were the case, abstention might not be proper.") *citations omitted.*

The Court has discussed, above, the convenience of the forums, and concluded Oklahoma is more convenient for several reasons. The causes of action in this case will probably remain absent certain declaratory judgment actions being decided in favor of Defendants in the pending state court South Carolina action. The lawsuits in South Carolina were filed first. Plaintiff's lawsuit was filed two days after the August 20, 2003 fax. The Court does not view this action as reactive to the state court lawsuits, and does not consider Plaintiff's filing an attempt to engage in impermissible forum-shopping.

The Court concludes that under the particular factors in this case, a stay of this action pending the outcome of the actions currently pending in South Carolina is not appropriate.

Defendants' motion for a Transfer or Stay of this action is **DENIED.** [Docket Nos. 10–1, 10–2]. The parties are directed to file an Amended Joint Status Report after the termination of the arbitration proceedings. The parties should indicate, in the Joint Status Report, the proposed deadlines for this action. The Court will enter a scheduling order based upon the deadlines requested by the parties.