

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2005

# Manley v. Maran

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3152

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Manley v. Maran" (2005). *2005 Decisions.* Paper 1132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3152

_____

CHARLES J. MANLEY,
Appellant

v.

JOE MARAN; JEROME TAYLOR; MARC ANTHONY ARRIGO; STEVEN NEIL
WHITE; DAVID M. WEISSMAN; MICHAEL A. FORESTA; GERALD DUGAN;
MARK CAJETAN CAVANAUGH; ROY K. LISKO

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-02504)
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2005

Before:   RENDELL, AMBRO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed:  May 25, 2005)
_____

OPINION
_____

PER CURIAM

Charles J. Manley, a student attending law school in Virginia, filed a suit *pro se* in

the U.S. District Court for the District of New Jersey against lawyers and law firms,

variously from Pennsylvania or New Jersey, that he had employed to represent him in a

personal injury suit. Because he claimed legal malpractice, he was required to provide an affidavit of merit, or in the alternative, a sworn statement, in compliance with New Jersey law. On August 1, 2003, the District Court held that Manley had not satisfied the New Jersey statutory requirement for suits against Gerald J. Dugan, Mark C. Cavanaugh, the law firm of Dugan, Brinkman, Maginnis and Pace, David M. Weissman, Michael A. Forresta, and the law firm of DuBois, Sheehan, Hamilton, and Levin, and dismissed claims against these Defendants. Soon thereafter, the District Court dismissed all claims against Roy Lisko. On December 3, 2003, Manley moved for reconsideration of the August 1, 2003 order and for leave to file affidavits of merit *nunc pro tunc*. In the interim, Defendants Joe Maran, Jerome Taylor, the Law Offices of Jerome Taylor, Marc Antony Arrigo, and Steven Neil White moved to dismiss the Complaint. In an order entered on June 25, 2004, after oral argument and for reasons noted on the record on June 22, 2004, the District Court denied Manley's motion for reconsideration and motion for leave to file affidavits of merit *nunc pro tunc*, and "because there [was] no just reason for delay," entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Gerald J. Dugan, Mark C. Cavanaugh, the law firm of Dugan, Brinkman, Maginnis and Pace, David M.Weissman, Michael A. Forresta, and the law firm of DuBois, Sheehan, Hamilton, and Levin. The District Court also granted the motion to dismiss of Jerome Taylor, the Law Offices of Jerome Taylor, Marc Antony Arrigo, and Steven Neil White, and "because there [was] no just reason for delay," entered final judgment in their favor as well. The District Court also denied Joe Maran's motion to dismiss. Manley appeals

2

the District Court's orders of June 25, 2004.

Manley's appeal will be dismissed for lack of appellate jurisdiction because the District Court's Rule 54(b) determinations were not proper. Manley's case involves multiple claims and parties. The issues on appeal, which relate to New Jersey's statutory requirements for litigants filing malpractice actions, are separate from those claims the District Court had yet to adjudicate and are thus different from issues that would be presented in any appeals that could be brought later. However, an important unresolved issue common to all Defendants undermines the District Court's express determinations that there was no just reason for delay. Specifically, it is unclear if the District Court had subject matter jurisdiction in diversity over Manley's legal malpractice claims.

Although there is some evidence of domicile in the record, such as Manley's mailing address in Virginia and his phone number with a Pennsylvania area code, it is not sufficient to show whether Manley is a citizen or domiciliary of Virginia or Pennsylvania. *See Gilbert v. David*, 235 U.S. 561, 569 (1915). It is also unclear whether Manley, an adult law student in Virginia, is a student studying outside of his "home state." *See Shishko v. State Farm Ins. Co.*, 553 F. Supp. 308, 310-11 (E.D. Pa. 1982), *aff'd*, 722 F.2d 734 (3d Cir. 1983); *Blue v. Nat'l Fuel Gas Distribution Corp.*, 437 F. Supp. 715, 718 (W.D. Pa. 1977), *aff'd*, 601 F.2d 573 (3d Cir. 1979); *Bradley v. Zissimos*, 721 F. Supp. 738, 739 n.3 (E.D. Pa. 1989); 15 JEREMY C. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.37[6] (3d ed. 2004). Because Manley's citizenship is not established, the basis for the District Court's subject matter jurisdiction is in question. The unresolved question of

3

subject matter jurisdiction renders the Rule 54(b) certifications invalid; thus, we do not have appellate jurisdiction to consider this appeal.